JOHN KLIESH

1 IVY LANE

YARDLEY, PA. 19067

(215) 431-9642

CLERK OF COURTS,                                             Date 2/ 26/ 2024

RE: CIVIL COMPLAINT FILING

I would like to request you to file this Complaint and send me the paperwork to Serve the Defendants. Which time you will find a Money Order attached to pay the Court Fees, in the amount $405.00.

Noting that the Attached Complaint contains a DEMAND FOR JURY TRIAL, on page 35.

Additionally, I would like to request that "JUDGE MITCHELL S. GOLDBERG" not be assigned to this case. Since he has already ADMITTED on Transcripts that he has a PERSONAL RELATIONSHIP, with the Defendants and their Council. Whereby, he has already FORFEITED his JURISDICTION. Therefore, it would be a FEDERAL CRIMES since he has a history of CASE FIXING, for him to be involved with this case.

Noting that Judge Mitchell S. Goldberg has Paperwork filed against him in the United States Congress, requesting his Impeachment. Since as shown by 5 prior Impeachments of other Judges, he is "ABUSING HIS POWER" to " PROTECT HIS FRIENDS".

Additionally, I would like to request that NO SENIOR Judge be assigned to this case. Since the last time this Complaint was filed " Senior Judge C. Darnell Jones" was assigned to it, who unlawfully STALLED the case for over a Year and a half. Until he Retired and Judge Goldberg was Assigned.

Thank you for your help in this matter.

BY: _John Kliesh_

John Kliesh

Plaintiff / Pro Se

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

---

John Kliesh
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

REDEVELOPMENT Authority
of Bucks County, Allen Toadvine
Judge Raymond F. McHugh
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☒ Yes  ☐ No

*(check one)*

**I.    Parties in this complaint:**

**A.**    List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | | |
|---|---|---|
| | Name | John Kliesh |
| | Street Address | 1 Ivy Lane |
| | County, City | Yardley, Bucks County |
| | State & Zip Code | PA. 19067 |
| | Telephone Number | 215-431-9642 |

*Rev. 10/2009*

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1       Name _REDEVELOPMENT Authority of Bucks County_
                      Street Address _216 POND street_
                      County, City _Bristol , Bucks County_
                      State & Zip Code _PA. 19007_

Defendant No. 2       Name _Allen Toadvine_
                      Street Address _680 midSletown Bld. 3RD Floor_
                      County, City _Langhorne , Bucks County_
                      State & Zip Code _PA. 19047_

Defendant No. 3       Name _Judge Raymond F. McHugh_
                      Street Address _100 N. main Street_
                      County, City _Doylestown , Bucks County_
                      State & Zip Code _PA. 18901_

Defendant No. 4       Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
     Q (Federal Questions)          Q  Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _Civil Rights_
     _____
     _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _Bucks County court of Common Pleas_

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____
_FRAUDULENT COURT CASE_

C.      Facts: _SEE COMPLAINT_
_REAL ESTATE SCAM_

What
happened
to you?

Who did
what?

Was
anyone
else
involved?

Who else
saw what
happened?

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_SEE  Complaint_

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_10 million Dollars_

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 36 day of _FEBRUARY_____, 20_24_.

Signature of Plaintiff _____

Mailing Address _1 IVY LANE_____
_YARDLEY, PA. 18067_

Telephone Number _215-431-9642_

Fax Number *(if you have one)* _____

E-mail Address _SKELETONRIDER@AOL.COM_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOHN KLIESH**                                                    **CIVIL ACTION**

     **Plaintiff**


    **V.**


**REDEVELOPMENT AUTHORITY**

**OF BUCKS COUNTY, ALLEN TOADVINE,**

**JUDGE RAYMOND F. Mc HUGH**

     **Defendants**

---

## COMPLAINT

---

Now the Plaintiff, John Kliesh hereby " DEMANDS A JURY TRIAL" in this case.

Next the Plaintiff, John Kliesh, has filed this case against the Defendants due to a "REAL

ESTATE SCAM" they committed.

Which time the Plaintiff, John Kliesh, is requesting a Restitution of 10 Million Dollars.

Under the DRAGONETTI ACT, FRAUD, CONSPIRACY TO COMIT FRAUD and

DENYING DUE PROCESS OF CIVIL LAW.


Now the Defendants are " REDELEVOPMENT AUTHORITY OF BUCKS COUNTY

who's Address is " 216 Pond Street, Bristol, Pa. 19007, Phone (215) 781-8711,

   ALLEN TOADVINE who's address is " BEGLEY, CARLIN & MANDIO, 680 Middletown

Blvd. 3rd Floor, Langhorne, Pa. 19047, Phone ( 215) 750-0110.

1.

Defendant, Judge Raymond F. Mc HUGH
        Bucks County Court of Common Pleas
        100 North Main Street, Doylestown, Pa. 18901
         Phone (215) 348- 6609

Which all the Defendants can be charged since, all three Defendants are in fact

government Employees, being first the REDEVELOPMENT AUTHORITY OF

BUCKS COUNTY- A GOVERNMENT AGENCY, ALLEN TOADVINE -

COUNTY SOLICITOR and JUDGE RAYMOND F. Mc HUGH - BUCKS

COUNTY COURT OF COMMON PLEAS, PENNSYLVANIA.

See ( TANZIN ET AL,   V.   TANVIR ET AL. , No. 19-71. , Dec. 10, 2020, U.S.

SUPREME COURT)

Now this case has been filed as a result of an act of RETALIATION,

HARRASSMENT and an attempt to stop " KLIESH", from filing a " PUBLIC

CORRUPTION CRIMINAL COMPLAINT" against the " BOROUGH OF

MORRISVILLE". Which involves FOUR JUDGES of the " BUCKS COUNTY

COURT OF COMMON PLEAS", who has been protecting them.

Which has already been filed with both FEDERAL and PENNSYLVANIA STATE

AUTHORITIES, and includes the Defendants.

Now the BOROUGH OF MORRISVILLE has been DEFRAUDING , "KLIESH and

all the other residents of Morrisville" of Money and Property along with Evidence of

EMBEZZLEMENT of Tax payers Money. Which BUCKS COUNTY COURT OF

COMMON PLEAS COURT JUDGE'S have been aiding with, shown by COURT

Records.

Now as COURT RECORDS show this is the Borough of Morrisville's third request To DEFRAUD " KLIESH" out of his property. The First and Second Requests where to the BUCKS COUNTY TAX OFFICE, to sell " KLIESH'S" property claiming Back Taxes. However, both Judge Devil- Scott and the TAX OFFICE, DENIED the sale. Since " KLIESH'S" property is TAX EXEMPT under the State Laws.

Which shortly after the second attempted Tax sale of " KLIESH'S" property, the Borough of Morrisville requested the DEFENDANT'S to do a " EMINENT DOMAIN CLAIM" on " KLIESH'S" with out his KNOWLEDGE. Since the Borough Manager of Morrisville , ( SCOTT MITCHELL) is a Former Employee of the Defendant, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY.

Now all three DEFENDANTS where REQUIRED by Law to REFUSE the Eminent Domain attempt on " Kliesh's" property. Since they FAILED to hold any LEGAL AUTHORITY to file the claim.

Since the Borough of Morrisville REFUSED to send "KLIESH" the ( PRIOR NOTICE) as REQUIRED by Law, in an attempt to CONCEAL their actions. Now all Three DEFENDANTS had a choice 1. REFUSE the Eminent Domain Claim for LACK OF LEGAL AUTHORITY. Or 2. Proceed with the Eminent Domain Claim UNLAWFULLY. Clearly they chose to proceed UNLAWFULLY, with the FRAUDULENT EMINENT DOMAIN CASE.

(1). <u>DEFENDANT REDEVELOPMENT AUTHORITY OF BUCKS COUNTY</u>

The Redevelopment Authority of Bucks County has a last known address of

( 216 pond street, Bristol , Pennsylvania 19007 , with a phone number of (215) 781-

8711) .

Now as shown in the ( NOTICE TO CONDEMNEE/ DECLARATION OF

TAKING) ( EXHIBIT 1) on page 5, THE CHAIRMAN, SEAN D. SCHAFER, signed

the document under Penalty of law that filing was true and correct. Which time he

claimed on behalf of the " REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY" that they had LEGAL AUTHORITY to file their claim.

Which is a FRAUDULENT CLAIM since as shown on page 1 of the ( NOTICE TO

CONDEMNEE / DECLARATION OF TAKING). The REDEVELOPMENT

AUTHORITY OF BUCKS COUNTY claimed that the filing complied with

( SECTION 12.1 OF THE PENNSYLVANIA URBAN REDEVELOPMENT LAW,

ACT OF MAY 24, 1945, P.L. 991).

Now under Pennsylvania State Laws, ( SEAN D. SCHAFER- CHARMAN) is

REQUIRED to know and Follow the laws. In short there are a few Basic thing for in

to follow, 1. The " REDEVELOPMENT AUTHORITY OF BUCKS COUNTY"

must first have LEGAL AUTHORITY to act against a property., 2. They are

REQUIRED to offer to PURCHASE the property in question first., 3. They are

REQUIRED to have LEGAL CAUSE for their actions.

Which the Plaintiff, " JOHN KLIESH" will now develop that the

" REDEVELOPMENT AUTHORITY OF BUCKS COUNTY" has in fact

REFUSED to comply with the most BASIC requirements.

4.

Now as raised prior Pennsylvania State Law, the Defendant, REDEVELOPMENT

AUTHORITY OF BUCKS COUNTY, FAILED to have any Legal Authority to file

against " KLIESH'S" Property.

Now under the PENNSYLVANIA URBAN REDEVELOPMENT LAW, ACT OF

MAY 24, 1945, P.L. 991 - SECTION 12.1 ( E) (2) (3) which reads as follows:

> (2).   No property shall be certified to the redevelopment
> Authority unless the owner of the property or an agent
> Designated by him for receipt of service of notices within
> The municipality has been served with notice of the
> Determination that the property is blighted, together with
> An appropriate order to eliminate the conditions causing the
> Blight and notification that failure to do so may render the property
> Subject to condemnation under this act. The notice shall be
> Served upon the owner or his agent in accord with the provisions
> Of a local ordinance pertaining to service of notice of
> Determination of a public nuisance. The owner or his agent shall
> Have the right of appeal from the determination in the same
> Manner as an appeal from the determination of public nuisance.

> (3).   No blighted property shall be certified to the Redevelopment
> Authority until the time period for appeal has expired and no
> Appeal has been taken, or, if taken, the appeal has been disposed of,
> And the owner or his agent has failed to comply with the order of the
> responsible department or other officer or agency.

Therefore, since the Borough of Morrisville REFUSED to send " KLIESH" any

( PRIOR NOTICE), which was to be sent to "KLIESH" by way of ( CERTIFIED

MAIL). Whereby, DENING "KLIESH" his RIGHTS TO ANY APPEAL, to

CONCEAL their actions from "KLIESH".

Second as shown in the ( NOTICE TO CONDEMNEE / DECLARATION OF

TAKING) ( EXHIBIT 1) , the Defendant, REDEVELOPMENT AUTHORITY OF

BUCKS COUNTY, they show NO CAUSE of ACTION. Since they claim that

5.

" KLIESH'S" property was blighted, but never listed any conditions of

BLIGHTED. Which was to be listed as to what Ordinances the conditions violated.

Therefore, ( SEAN D. SCHAFER - CHARMAN) of the Defendant,

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY, has in fact PROVIDED

evidence of his Conspiracy to COMIT FRAUD. On behalf of the Borough of

Morrisville.

Additionally when "KLIESH" found out of the Defendant, Redevelopment

Authority of Bucks County's interest in his property. Which was when he was

served with the ( NOTICE TO CONDEMNEE / DECLARATION OF TAKING)

( EXHIBIT 1). " KLIESH" attempted to contact ( SEAN D. SCHAFER -

CHARMAN) in an attempt to ( OFFER TO SELL THEM THE PROPERTY).

Which was done by way of Telephone and Letters, however, ( SEAN D. SCHAFER -

CHARMAN) REFUSED any contact with "KLIESH".

Which time " KLIESH" offered once again to sell them the property in his

( OBJECTION OF OWNER JOHN KLIESH TO THE DECLARATION OF

TAKING) ( EXHIBIT 2).

Which was ADMITTED to by their Solicitor, Defendant, ALLEN TOADVINE.

But was REFUSED, because as the Pennsylvania Laws REQUIRE that when the

Defendant, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY, purchases

or files fore Eminent Domain. That they are to pay the property owner ( FAIR

MARKET VALUE) for the property.

However, in this case as "KLIESH" will be developing, the Defendant,

6.

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY, has already SOLD

" KLIESH'S" property. Back in October of 2020 which was PRIOR to the end of the

State Court Proceedings. Which time they have claimed to have sold the property to

a private person.

However, the Defendant, REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY, has NOT even Paid "Kliesh" for the FAIR MARKET VALUE for his

property as the LAW REQUIRES.

Now since the Defendant, REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY, has REFUSED to pay "KLIESH" for his property. Along with claiming

to have sold "KLIESH'S" in October of 2020. It appears that the DEFENDANTS

Are PERSONNALY PROFITING by way of DEFRAUDING " KLIESH" out of his

property.

Now the Defendant, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY,

Is Funded by the ( COUNTY OF BUCKS and the STATE OF PENNSYLVANIA).

Which time they are to use their funding to pay property owners for their

properties.

Now as "KLIESH" will be developing with Evidence, it appears that the

DEFENDANTS are using the Eminent Domain Case to justify money being taken

from their funding. Claiming it is being used to Pay " KLIESH" for his property,

Which they have REFUSED to pay "KLIESH", whereby, KEEPING the Funds for

their own profit. Then when they sold "KLIESH'S" property they then kept ALL or

PART of those Funds also.

7.

Whereby, EMBEZZLING COUNTY AND STATE FUNDS, BY WAY OF

FRAUDULENT EMINENT DOMAIN CASES, and DEFRAUDING PROPERTY

OWNERS.

Which can only be DENIED by way of a FORMAL CRIMINAL INVESTIGATION.

Therefore, since the Defendant, REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY, has in fact knowingly and willfully requested their Solicitor ( ALLEN

TOADVINE). To proceed with the EMINENT DOMAIN CASE against

"KLIESH'S" property. With NO LEGAL AUTHORITY, NO CAUSE OF ACTION

with intentions to DEFRAUD "KLIESH" out of his property.

Which the are LIABLE for under Pennsylvania TITLE 42 Pa. C.S.A. Section 8351-

Wrongful Use of Civil Proceedings Which reads as Follows:

> Section 8351  Wrongful Use of Civil Proceedings
> ( A)  Element of Action  - a person who takes part in
>        The procurement, initiation or continuation of
>        Civil proceedings against another is subject to
>        Liability to the other for wrongful use of  civil
>        Proceedings;
> ( B)  arrest or seizure of person or property not required
>        The arrest or seizure of the person or property of
>        The plaintiff shall not be a necessary element for
>        An action brought pursuant to this subchapter

And then got the Defendant, ALLEN TOADVINE, to CONSPIRE with them to

COMIT the FRAUD against "KLIESH".

(2).  <u>DEFENDANT, ALLEN TOADVINE ( LAWYER)</u>

Now the Defendant, ALLEN TOADVINE, ( Lawyer and Solicitor) for the

Defendant, Redevelopment Authority of Bucks County. Is being charged with

as permitted under the ( FEDERAL RESTATEMENT ACT, SS 94(1)(a)

8.

**Which reads as follows:**

**SS 94 (1)(a)**

( " A Lawyer who councils or assists a client
To engage in conduct that violates the rights
Of a third person is subject to liability.)

Whereby, rendering him LIABLE for his actions and that of his client.

Noting that the Defendant, ALLEN TOADVINE, also personally profits, by way of

claiming fees for his services. Which are to be paid from County and State Funds, as

shown in Pennsylvania Urban Redevelopment Laws. Which can NOT be recovered

from a property owner.

Second note that as the Defendant, ALLEN TOADVINE'S, history shows found in

his ( APPLICATION TO RUN FOR JUDGE). He has NEVER handled a court case

out side of the ( BUCKS COUNTY COURT OF COMMON PLEAS). Not even in an

 APPEAL Court, and has Never done a Jury Trial Case.

His history also shows that he has clearly gained his friendships with Bucks County

Judges. When he was the (SOLICITOR for the COURT CLERKS OFFICE) of

Bucks County.

Now the Defendant, ALLEN TOADVINE, had a choice when the Defendant,

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY, approached him about

the Eminent Domain Case against "KLIESH'S" Property. What the LAW

REQUIRED him to do is REFUSE the case. Due to LACK of LEGAL AUTHORITY

Since " KLIESH" was Never Served with any ( PRIOR NOTICE) as required by the

Pennsylvania Redevelopment Law, Section 12.1 (e)(2)(3), as raised prior.

9.

However, the Defendant, ALLEN TOADVINE, elected to proceed with the

FRAUDULENT Eminent Domain Case for Personal Profit.

(A).   Now the Defendant, ALLEN TOADVINE, is Liable for Filing the ( NOTICE

TO CONDEMNEE / DECLARATION OF TAKING) (EXHIBIT 1). Which at NO

time does he attach any ( PRIOR NOTICE) sent to "Kliesh" as required by Law.

Which time would have proven their LEGAL AUTHORITY to file against

"KLIESH'S" property.

Now as the Defendant, JUDGE RAYMOND F. Mc HUGH, ADMITTED in his

opinion on page 3 ( EXHIBIT 4), there is Content requirements of a

( DECLARATION OF TAKING).

Now the Content requirements can be found in Pennsylvania Eminent Domain Law

Title 26, Section 302 (b) CONTENTS, which reads as follows:

> Ss 302 (b)    Contents
>
> The declaration of taking shall be in writing and
> Executed by the condemnor and shall be captioned as
> A proceeding in rem and contain the following:
>
> (1)   the name and address of the condemnor.
> (2)   a specific reference to the statute and section
>        Under which the condemnation is authorized.
> (3)   a specific reference to the action. Whether by
>        Ordinance. Resolution or otherwise. By which
>        The declaration of taking was authorized.
>        Including the date when the action was taken
>        And the place where the record maybe examined.
> (4)   a brief description of the purpose of the condemnation.
> (5)   a description of the property condemned. Sufficient
>        For identification. Specifying the municipal corporation
>        And the county or counties where the property taken
>        Is located. A reference to the place of recording in the office

10.

Of the recorder of deeds of plans showing the property
Condemned or a statement that plans showing the property
Condemned are on the same day being lodged for record or
Filed in the office of the recorder of deeds in the county
In accordance with section 304 ( relating to recording notice
Of condemnation).

(6)  a statement of the nature of the title acquired. If any.
(7)  a statement specifying where a plan showing the
Condemned property may be inspected in the county
In which the property taken is located.
(8)  a statement of how just compensation has been made
Or secured.

Now the Defendant, ALLEN TOADVINE, has in fact FALSIFIED COURT

RECORDS, to FRAUDULENTLY claim "KLIESH'S" Property in the following

ways. Which also DENIED "KLIESH" his DUE PROCESS OF LAW.

Now if the EMINENT DOMAIN LAW 26, section 302(b) is compared to the

Defendant, ALLEN TOADVINE'S, ( DECLARATION OF TAKING - EXHIBIT 1).

This Court will find the Following:

(1).   Under #2 he claimed that he had authority ( Pennsylvania Urban

redevelopment Law, However, as the law requires listed above. The Law

REQUIRES that he provide ( SPECIFIC STATUTE and SECTION).

Which means that the Defendant, ALLEN TOADVINE, was REQUIRED to cite

The ( PENNSYLVANIA URBAN REDEVELOPMENT LAW, SECTION 12.1

(e)(2), and ( PROVIDE A COPY OF THE (PRIOR NOTICE)).

( WHICH THEN WOULD HAVE PROVEN THEIR LEGAL AUTHORITY)

However, the Defendant, ALLEN TOADVINE, REFUSED to produce any ( PRIOR

NOTICE), Since the ( PRIOR NOTICE) was never sent to "KLIESH", which means

11.

He was also DENIED any appeal process involved with the (PRIOR NOTICE).

Whereby, the Defendant, ALLEN TOADVINE, FALSIFIED Court record to

CONCEAL his LACK OF LEGAL AUTHORITY.

Now if this Court reviews the Defendant, ALLEN TOADVINE'S, on page 5 of his

( BRIEF IN OPPOSITION)(EXHIBIT 3). This Court will find a statement made by

the Defendant which reads as follows:

> ( 35 P.S. SS 1712.1 (a). section 12.1 not only sets forth all
> The conditions which would constitute a blighted property
>
> (see 35P.S. SS 1712.1(c), as amended by 26 Pa. C.S.A. SS 205),
> But also delineates an exacting procedure which must be followed
> In order to condemn a property that is blighted. See 35 P.S. SS1712.1.
> This procedure includes prior notice to the owner that the
> Property in question has been determined to be blighted by
> The municipality, "together with an appropriate order to
> Eliminate the conditions causing the blight and notification
> That failure to do so may render the property subject to
> Condemnation under this act" 35 P.S. ss 1712.1 (e)(2)  )

Therefore, showing that the Defendant, ALLEN TOADVINE, Affirmed his

knowledge that " KLIESH" was to be served with a ( PRIOR NOTICE).

Along with ADMITTING the ( PRIOR NOTICE) is REQUIRED by Law.

Which "KLIESH" was never served with and the Defendant, ALLEN TOADVINE,

never provided at any time. Despite "KLIESH" raising the lack of the ( PRIOR

NOTICE) 2 Times. Once in his ( OBJECTION TO THE DECLARATION OF

TAKING) ( EXHIBIT 2), by way of documents (EXHIBIT 14) as permitted under

Pennsylvania Title 42. And a second time in his ( MOTION OF

RECONSIDERATION) ( EXHIBIT 4 ).

(2).    Under #3 of his (DECLARATION OF TAKING), the Defendant, ALLEN

TOADVINE, claimed that he was authorized to file the (DECLARATION OF

TAKING). By a ( RESOLUTION #28-2019). Which has been CONCEALED from

the PUBLIC and with out the knowledge of the PUBLIC.

Now as shown by the Law above the Defendant, ALLEN TOADVINE, was

REQUIRED to provide a SPECIFIC description of the ( PRIOR NOTICE and

APPEAL PROCESS that was required to be done by the Borough of Morrisville.)

Which was NEVER DONE, which is why the Defendant, ALLEN TOADVINE,

Has FALSIFIED the Court records, in an attempt to CONCEAL his FRAUD.

(3).   Now under #4 the Defendant, ALLEN TOADVINE, gave a GENERAL

description of the purpose of an EMINENT DOMAIN CASE.

However, as the LAW above REQUIRES the Defendant, ALLEN TOADVINE, was

Required to give a Brief Description of " KLIESH'S" property and the Conditions

which requires CONDEMNATION.

( ALSO KNOWN AS A CAUSE OF ACTION and BURDEN OF PROOF)

Therefore, the Defendant, ALLEN TOADVINE, has NEVER raised a ( CAUSE OF

ACTION), whereby, ( FAILED THE REQUIREMENT OF BURDEN OF PROOF).

Since he has NEVER produced any EVIDENCE of any possible claims against

"KLIESH'S" property.

Which then DENIED "KLIESH" any possible claims to DEFEND against, which

was done to ensure his FRAUD.

**(B).** Next as shown through out the Defendant, ALLEN TOADVINE'S,

( CONDEMNOR'S BRIEF IN OPPOSITION TO OBJECTION OF OWNER,

JOHN KLIESH, TO THE DECLARATION OF TAKING) ( EXHIBIT 3).

**(1).** First this Court will find that the Defendant, ALLEN TOADVINE'S, (Brief in

Opposition), at NO TIME does he ever RAISE a ( CAUSE OF ACTION) or ( ANY

PROOF OF ANY CLAIMS).

**(2).** Now as raised Prior " Kliesh" offered to sell his property to the Defendant,

Redevelopment Authority of Bucks county. Which time " Kliesh" raised that he just

needed assistance with a ( QUITE TITLE ACTION), so he could legally sell the

property.  Which the Defendant, ALLEN TOADVINE, acknowledged in part (A)

page 3 of (EXHIBIT 3).

Now since the LAW does NOT require an Eminent Domain Case to take place for

the Defendant, Redevelopment Authority of Bucks County, to PURCHASE the

property.

Which the Defendant, ALLEN TOADVINE, openly ADMITTED and provided the

Law. Which can be found in his ( BRIEF IN OPPOSITION) (EXHIBIT 3) ON

PAGE 5, with his following statement.

> ( Section 12.1 of the Pennsylvania Urban Redevelopment
> Law , Act of May 24, 1945, P.L. 991, as amended, 35 P.S.
> SS 1701 et. Seq. ("URL") , referenced by the Authority in
> The Declaration of Taking, provides in pertinent part that,
> '[n]notwithstanding any other provision of this act, any
> Redevelopment Authority shall have the power to acquire
> By purchase, gift, bequest, eminent domain or otherwise,
> Any blighted property as defined in this section..." )

Now as the COMMONWEALTH COURT OF PENNSYLVANIA, AFFIRMED in

14.

the case of ( APPEAL OF: CARL B. MOTTA, NO. 2459 C.D. 2015, ( CMWLTH,

NOVEMBER 30, 2016). The Defendant, REDEVELOPMENT AUTHORITY OF

BUCKS COUNTY, is REQUIRED to offer to Purchase a property first from the

owner FIRST. And use an Eminent Domain Case as a LAST RESORT, NOT as a

First Action.

Therefore, further supporting the CLAIMS of the Plaintiff, John Kliesh.

( C ).   Next the Defendant, ALLEN TOADVINE, has in fact provided evidence of

his intent of FRAUD, shown in (EXHIBIT 5) a letter dated November 23, 2020.

(1). First in the Letter he claims that the amount to be paid for "KLIESH'S"

property, which he claimed is $35,000.00 Dollars.

Which is about HALF of the Value of the land alone, that "KLIESH'S" house sits

on.  However, under Pennsylvania Eminent Domain Law 26 Pa. C.S.A. Section 703

Fair Market Value which reads as follows:

        Section 703 Fair Market Value

      ( Fair market value shall be the price which would
       Be  agreed to by a willing and informed seller and
       Buyer, taking into consideration but not limited to
       The following factors:

      (1) the present use of the property and its value
         For that use.
      (2)  the highest and best reasonably available use of the
         Property and its value for that use.
      (3)  the machinery, equipment and fixtures forming part
         Of the real estate taken.
      (4)   other factors as to which evidence may be offered as
         Provided by Chapter 11( relating to evidence).

Which time "KLIESH"  REJECTED HIS OFFER in a letter dated November 30,
                15.

2020 ( EXHIBIT 6 ).

(2).     Next as shown in the Defendant, ALLEN TOADVINE'S, Letter ( EXHIBIT

5). He claims that he had "KLIESH'S" property Appraised , claiming a value at the

time of Condemnation which is a FRAUDULENT claim. Since at NO TIME has the

Defendant, ALLEN TOADVINE, ever REQUEST ACCESS to "KLIESH'S"

property. In Fact if he is claiming the value is from the time of Condemnation, he

then would have been required prior to the filing of his DECLARATION OF

TAKING. Which the LAW permit under ( EMINENT DOMAIN LAW 26 Pa.

C.S.A. Section 309 - Right to enter property prior to Condemnation).

Which he has never done because he would have had to give a 10 day Notice to enter

the property.

Now since his claimed offer was sent November 23,2020 which many months after he

filed his DECLARATION OF TAKING. He then would have had to give "KLIESH"

a 10 day notice for ACCESS to the property under ( EMINENT DOMAIN 26 Pa.

C.S.A. section 307 - Possession, right of entry and payment of compensation).

Therefore his claimed appraisal amount is FRAUDULENT, since under

Pennsylvania Law requires Appraisers to have access to the interior of the property

to give a LEGAL APPRAISAL.

(D).  Additionally as contained in (EXHIBIT 3) the Defendant, ALLEN

TOADVINE, filed with his CONDEMNOR'S BRIEF IN OPPOSITION.

He also filed a ( PRAECIPE UNDER BUCKS COUNTY RULE OF CIVIL

PROCEDURE 208.3(b). Which was PROHIBITED BY LAW since every court case

16.

in the State of Pennsylvania is REQUIRED to have ( DISCOVERY).

Therefore, the Defendant, ALLEN TOADVINE, has knowingly and intentionally

DENIED "KLIESH" his RIGHTS to DISCOVERY, whereby, DENYING

"KLIESH" any Chance of MOUNTING a DEFENCE or even finding out any

possible claims against his property.

Whereby, DENYING "KLIESH" his DUE PROCESS OF LAW.


(E).    Next "KLIESH" has discovered that on October 14,2020, that his property

( 22 Delaware Ave. Morrisville Pa.) has already been SOLD to a PRIVATE

PERSON as shown in ( EXHIBIT 7). Which is a report sent to the Borough of

Morrisville, from their Contractor hired to do ( BUILDING INSPECTIONS and

FIRE MARSHAL Duties). Named ( KEYSTONE MUNICIPAL SERVICES), who

actually was the party that was REQUIRED to serve " KLIESH" with the ( PRIOR

NOTICE) on behalf of the Borough of Morrisville.

However, in 2006 the PENNSYLVANIA STATE HOUSE BILL 2054, ACT 34 OF

2006, which  SEVERELY RESTRICTED a property taken under Eminent Domain

from being sold to a PRIVATE PERSON. Which the Bill is known as the

( PROPERTY RIGHTS PROTECTION ACT).

Therefore, the DEFENDANTS, ALLEN TOADVINE, REDEVELOPMENT

AUTHORITY OF BUCKS COUNTY, has UNLAWFULLY claimed and Disposed of

"KLIESH'S" property. At a time when the STATE Court proceeding where still

pending.

Additionally since "KLIESH" ( REJECTED) the Defendants offer of $35,000.00

Which means that the Defendants where REQUIRED to continue the Court

Proceedings. In accordance with Pennsylvania Eminent Domain Laws to settle the

( FAIR MARKET VALUE ) OF "KLIESH'S" PROPERTY. Which time the

Defendants are required to pay for "KLIESH" to have his property APPRAISED

Along with any EXPERTS needed.

However, "KLIESH" has NOT heard from the Defendant's since November 23,

2020.

Now the Defendants, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY,

ALLEN TOADVINE, would be unable to complete their acts of FRAUD, DENYING

DUE PROCESS OF LAW along with their WRONGFUL USE OF CIVIL

PROCEDURES. Unless they got a JUDGE from the Bucks County Court of

Common Pleas to CONSPIRE with them, namely JUDGE RAYMOND F. Mc

HUGH.

### DEFENDANT JUDGE RAYMOND F. Mc HUGH

Now in accordance the United States Supreme Court ruling in ( TANZIN  ET AL,

V.  TANVIR  ET  AL, NO. 19-71, DEC. 10, 2020, U.S. SUPREME COURT).

Which time the United States Supreme court ruled that ( ANY GOVERNMENT

EMPLOYEE WHO VIOLATES EITHER CONSTITUTIONAL RIGHTS OR

RELIGIOUS RIGHTS IS LIABLE, AND " RELIEF AGAINST A

GOVERNMENT" can be claimed.

Which does NOT Exclude ( JUDGES), therefore the Defendant, JUDGE

RAYMOND F. Mc HUGH, can NOT claim ( IMMUNITY FOR HIS ACTIONS).

18.

Additionally as " KLIESH" will be developing the Defendant, JUDGE RAYMOND

F. Mc HUGH has acted well out of his relm of jurisdiction. Which also DENY'S his

any claim of IMMUNITY.  See  ( DAVIS  V. BURRIS, 51   Ariz. 220, 75  P.2d 689

( 1938). Which time the Court made the following ruling:

> ( A judge must be acting within his jurisdiction as to
> Subject matter and person, to be entitled to immunity
> From civil action for his acts.)

Additionally under Federal Tort Law: judges cannot invoke judicial immunity for

Acts that violate litigants civil rights. See ( ROBERT CRAIG WATERS. TORT &

INSURANCE LAW JOURNAL, Spr. 1986 21 n3, p509-516*.

Now as shown in (EXHIBIT 8) the Defendant, JUDGE RAYMOND F. Mc HUGH

has taken an ( OATH OF OFFICE), to uphold the United States Constitution and

the LAWS of the land. Which also shows that he is a Government Employee.

Now the Plaintiff, JOHN KLIESH, will now develop the actions of the Defendant

Who FRAUDULENTLY claimed jurisdiction over an EMINENT DOMAIN CASE,

Which was NOT PERMITTED to be filed. As raised prior for LACK OF LEGAL

AUTHORITY and LACK OF CAUSE OF ACTION.

As shown by the Bucks County Court of Common Pleas Docket ( EXHIBIT 9), the

Defendant, JUDGE RAYMOND F. Mc HUGH, was assigned to the Eminent Domain

case on 9-25- 2019.

(1).   First as shown in (EXHIBIT 3) the Defendant, ALLEN TOADVINE, filed a

( PRAECIPE UNDER BUCKS COUNTY RULE OF CIVIL PROCEDURE 208.3

(b) ). which the Defendant, JUDGE RAYMOND F. Mc HUGH should have been

19.

DENIED since there was NO ( DISCOVERY ) done in the case. Which DENIED

"KLIESH" any chance of Mounting a DEFENCE  or even finding any possible

claims to defend against.

Instead the Defendant, Raymond F. Mc Hugh elected to claim a ruling on the case

which was first UNTIMELY FILED ( EXHIBIT 10).

Since as shown by BUCKS COUNTY CIVIL RULE 208.3 (b), he had 30 Days to file

an Order on the Case. However, as shown by his Order, he drafted the Order on

( January 10th, 2020), he drafted his ORDER 73 days after the Praecipe was filed.

Which rendered the ORDER UNTIMELY FILED and UNLAWFUL, since Bucks

County Civil Rule reads as follows:

> Rule 208.3 (b)
> ( Unless oral argument has been requested by the
> Moving party in the praecipe, or by any other party
> Within the 10 day period specified in subsection (2)
>  Hereof, the matter shall be disposed of by written order,
> Forthwith or after such further proceedings include
> Oral argument as may be required by the court.
> If oral argument has been requested by a party or
> Otherwise required by the court, the may schedule the
> Case for argument either by telephone conference,
>  Argument in chambers or in open court within
> Thirty (30) days of the filing of the praecipe. Disposition
> Of the matter shall then proceed pursuant to the provisions
> Of Bucks County Rule of Civil Procedure 210 (a) and (b),
> The court fixing the time and order of briefs.
> Argument before an en banc panel shall be at the sole
> Discretion of the court. )

Now when the Defendant, JUDGE RAYMOND F. Mc HUGH drafted his Order on

( January 10, 2020). He then REFUSED to send "KLIESH" a copy of his ORDER

As shown in (EXHIBIT 10) his ORDER. Which time he noted on the Top Right

20.

hand Corner of the Order, that he only sent it to the Defendant, ALLEN

TOADVINE, on the date of ( 1-10-2020).

Which as shown in the Court Docket ( EXHIBIT 9), shows he even withheld his

Order from the (CLERKS OFFICE) until ( 1-15-2020) at seq. number 9.

Therefore, the defendant, JUDGE RAYMOND F. Mc HUGH, attempted to

CONCEAL his Order from "KLIESH". To prevent "KLIESH" from filing a Notice

of  Appeal or Reconsideration, in VIOLATION of Pennsylvania State Laws

regarding TIME LIMITS to filing a Notice of Appeal or Reconsideration.

Which "KLIESH" finally found out about his ORDER when a LAWYER

( TRACY L. CASSEL- BROPHY), who works in the same office as the Defendant,

ALLEN TOADVINE, works out of. Found and sent "Kliesh" a copy of the Order on

( January 24, 2020) shown in ( EXHIBIT 11).

Therefore, the Defendant, JUDGE RAYMOND F. Mc HUGH, attempted to Conceal

his Order from "KLIESH" to conceal his actions.

(2).    Next  when "KLIESH" found out about the Defendant, JUDGE RAYMOND

F. Mc HUGH'S Order he then filed a ( MOTION FOR RECONSIDERATION)

(EXHIBIT 4). Which time "KLIESH" raised again the (LACK OF THE PRIOR

NOTICE) required by law. Along with Raising again the ( LACK OF A CAUSE OF

ACTION). Additionally "KLIESH" raised Multiple Pennsylvania State Laws, which

he was REFUSING to enforce. Which are as follows: ( 26 Pa. C.S.A. ss 302 (b)(4),

Pa. 42, ss 8354  (4) BURDEN OF PROOF, PA. 42, SS 8725 (b)( c ), 35 P.S. ss 1712.1,

Subsection 12.1, Bucks County Civil Rule 208.3(b)(6), Which time he clearly

21.

REFUSED to enforce since he REFUSED to answer the MOTION of Reconsideration.

Whereby, has REFUSED to ENFORCE Pennsylvania State Laws in VIOLATION of his (OATH OF OFFICE) and ( PENNSYLVANIA RULES OF JUDICIAL CONDUCT). With the intent to AID and ABET the other 2 Defendants FRAUD.

(3).   Next "KLIESH" filed a (NOTICE OF APPEAL) ( EXHIBIT 12), which time the Defendant, JUDGE RAYMOND F. Mc HUGH, filed an Order Demanding that "KLIESH" file a ( CONCISE STATEMENT) ( EXHIBIT 13). Which time if this Court reads "KLIESH'S" ( CONCISE STATEMENT), this court will see that he CONFRONTED the Defendant. That first he is VIOLATING Pennsylvania State Law ( Pa. R.A.P. ss 1925) in the following ways.

(a)   First he drafted his Order on ( FEBRUARY 14, 2020), which time he ordered "KLIESH" to file a (CONCISE STATEMENT) with in 21 days from the date of the ORDER. However, as shown in exhibit 2 of the ( CONCISE STATEMENT), the Defendant REFUSED to send the ORDER to "KLIESH" until ( 2-20-2020). Whereby, only giving "KLIESH" 13 days to file his (CONCISE STATEMENT), Which time as shown in the Docket ( EXHIBIT 9) at seq. number 14.

Shows that the Defendant also withheld his Order from the Court Clerks Office also. To ensure that they did not send "KLIESH" a copy of the Order.

Additionally also as "KLIESH" raised in his ( CONCISE STATEMENT) that the Defendant, JUDGE RAYMOND F. Mc HUGH, REFUSED to file an ( OPINION) on the case. Which the ( Pa. R.A.P. ss 1925) then permits "KLIESH" to draft his

( CONCISE STATEMENT) in ( GENERAL TERMS), under ( Pa. R.A.P. ss 1925

(b)(4)(vi) which reads as follows:

      Pa. R.A.P. ss 1925 (b)(4)(vi)

          ( if the appellant in a civil case cannot readily
          Discern the basis for the Judge's decision, the
          Appellant shall preface the statement with an
          Explanation as to why the statement has
          Identified the errors in only General terms.
          In such a case, the generality of the statement
          Will not be Grounds for finding waiver.)

Therefore, the Defendant, JUDGE RAYMOND F. Mc HUGH, VIOLATED

Pa. R.A.P. ss 1925 in an attempt to ( SQUASH) "KLIESH'S" attempted APPEAL.

To AID and ABET the Other 2 Defendant's FRAUD. Which as shown in his

( OPINION) (EXHIBIT 14) on pages 2,3,5, he claimed the General Terms

"KLIESH" was forced to use was Grounds to (WAIVE ) his Appeal.


(b).   Next the Defendant, JUDGE RAYMOND F. Mc HUGH, finally drafted an

(OPINION) ( EXHIBIT 14). Which time he drafted on (4-24-2020), but REFUSED

to send it to "KLIESH" until ( 4-28-2020), shown by the envolope he provided with

the post mark date of (4-28-2020).

(1).   Now going over each part of the Defendant's (OPINION) this Court will find

the following:

      First in part I. ( Fact and Procedural History), which time the Defendant, has

only claimed that "KLIESH" was only served with a (Declaration Of Taking).

Whereby, attempting to CONCEAL the Legal Requirement of the (PRIOR

NOTICE), REQUIRED under the ( PENNSYLVANIA URBAN

                23.

REDEVELOPMENT LAW, SECTION 12.1). Which DENIED the Defendant,

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY and Defendant, ALLEN

TOADVINE, the LEGAL AUTHORITY to file the Eminent Domain Case.

Next the Defendant, JUDGE RAYMOND F. Mc HUGH, ADMITTED that

"KLIESH" filed an Objection to the Declaration of Taking. Which time he

CLAIMED to reviewed.

Second as shown in the (OPINION) the Defendant only addresses (2) subject

matters, being ( 1) the NOTICE OF APPEAL (2) THE DECLARATION OF

TAKING.

Now as shown the Defendant addressed the Appeal on pages (2), (3) and (5)

And addressed the Declaration of Taking on pages (3) and (4).

Whereby, showing his first priority was to SQUASH "KLIESH'S" attempted

Appeal. Which time he also ADMITTED that he was REQUIRED to give

"KLIESH" the same considerations as the Opposing Council. With the following

statement on page 2 reading as follows:

> ( However, while an unrepresented litigant may be at a
> Disadvantage of legal expertise and training, a PRO SE
> Litigant is granted the same rights, privileges and
> Considerations as those accorded a party represented
> by council. " Vance V. Commonwealth, 167 A.3d 310
> N.6 ( Pa. Cmwlth. 2017))

Third the Defendant ADMITTED that "KLIESH" raised the VIOLATIONS of

Pennsylvania Title 42, Pennsylvania Eminent Domain Laws and other Laws.

On page 3 of his (OPINION), which he then claimed where ( FRIVOLOUS,

BASELESS and REPETITIVE). Which he claimed as his own personal Opinion

24.

With **NO LEGAL SUPPORT. Which reads as follows:**

> ( Despite the difficulty in discerning Appellant's Statement
> We were able to distill one apparent legal issue in
> Appellant's rambling. It states Verbatim :
>   1. There has been Multiple [sic] violations of
>      Pennsylvania title 42, Pennsylvania Eminent Domain
>      Laws and other laws.)

Now since the Defendant could NOT support his claims with case laws, it is then

rendered a ( **PERSONAL OPINION**). Which this Court can not be bound to under

the following:

( The Courts are not bound by an officer's interpretation of the law under which he
  Presumes to act. " Hoffsomer  v. Hayes,  92 Okla 32, 227 F 417)

Forth under part III. ( DISCUSSION) of his (OPINION), he only addresses (1)

subject matter which is the ( DECLARATION OF TAKING), on pages (3) and (4).

Which time the Defendant listed the CONTENT REQUIREMENTS of the

( DECLARATION OF TAKING), AS REQUIRED UNDER 26 Pa. C.S. ss 302.

Noting that at the time "KLIESH" raised the FAILURE to Comply by the

Defendants, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY and

ALLEN TOADVINE. In regards to # 3  ( A specific reference to the action, whether

by ordinance, resolution or otherwise, by which the declaration of taking was

authorized, including the date when the action was taken and the place where the

record may be examined.) and #4 ( A brief description of the purpose of the

condemnation.).

Which time under #3 the 2 Defendants, ALLEN TOADVINE and

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY was REQUIRED to

produce the ( PRIOR NOTICE). And a description on the Appeal process with the

25.

Borough of Morrisville. Which was NEVER produced by the first 2 Defendants.

Which would have proven that they had LEGAL AUTHORITY to file the Eminent

Domain Case.

Whereby, since the Defendants, ALLEN TOADVINE and REDEVELOPMENT

AUTHORITY OF BUCKS COUNTY, could Not PROVE that they had LEGAL

AUTHORITY to even file the case.

Next under #4  the first 2 Defendants where REQUIRED to list any claims against

"KLIESH'S" and what Borough Ordinances the Condition violated. Which as

shown by their ( DECLARATION OF TAKING) ( EXHIBIT 1) and their ( BRIEF

IN OPPOSSION) ( EXHIBIT 3), at NO TIME do they list any ( CAUSE OF

ACTION).

Whereby, the first 2 Defendants violated Pennsylvania title 42, ss 8354 (4) BURDEN

OF PROOF which reads as follows:

> ( In an action brought pursuant to this subchapter
> The plaintiff has the burden of proving, when the issue
> Is properly raised, that)

> (4) ( The primary purpose for which the proceedings
> Were brought was not that of securing the proper
> Discovery, joinder of parties or adjudication of the
> Claim on which the proceedings were based.)

Along with violating Pennsylvania Title 42, ss 8351 which reads as follows:

> (a)  Element of Action- A person who takes part in the
> Procurement, inition or continuetion of civil proceedings
> Against another is subject to liability to the other for
> Wrongful use of civil prodceedings:
> (1)  he acts in a grossly negligent manner or without probable
> Cause and primarily for a purpose other than that of
> Securing the proper discovery, joinder of parties or

26.

Adjudication of the claim in which the proceedings
Are based: and

Since at NO TIME have they ever proven that they had LEGAL AUTHORITY or

any CAUSE OF ACTION, which permitted them to even fileing the Eminent

Domain Case.

Now on page 4 of the Defendant, RAYMOND F. Mc HUGH'S, (OPINION) he then

KNOWINGLY and INTENTIONALLY ( CONCEALED) the ( LACK OF LEGAL

AUTHORITY TO FILE and THE LACK OF A LEGAL CAUSE OF ACTION).

When as shown on Page 4, the Defendant listed how he claimed the first 2

Defendants COMPLIED with the Content Requirements of the ( Declaration of

Taking). Which time under # 3 he listed the following:

> ( 3 )  the declaration of taking was authorized by resolution
> # 28- 2019 of the Redevelopment Authority of the
> County of Bucks, adopted and enacted at a regularly
> Scheduled meeting on September 20, 2019. The record
> Of the action is located and may be examined in Redevelopment
> Authority of the County of Bucks' principal office.

Then listed under #4 the Following:

> (4)  The purpose of the condemnation is to acquire, hold, manage, clear,
> Improve, develop, redevelop, and/or dispose of the subject property,
> And all improvements and personal property located thereon,
> together with the private rights to any streets located thereon,
> To eliminate the blighted conditions which exist on the subject
> Property in furtherance of the powers granted to Condemnor
> pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment
> Law.

Now if this Court reviews the ( DECLARATION OF TAKING) (EXHIBIT 1) pages

(3) (4), this court will find that the Defendant, JUDGE RAYMOND F. Mc HUGH,

has ( DUPLCATED) his claims from the ( Declaration of Taking) to ( CONCEAL)

27.

The first 2 Defendants ( LACK OF LEGAL AUTHORITY TO FILE and THEIR

LACK OF A CAUSE OF ACTION). Which the ( PRIOR NOTICE) which was

required see ( JONES  V.  FLOWERS, 547 U.S. 220, 235 (2006).

Therefore, since the Defendant, RAYMOND F. Mc HUGH, has REFUSED to

address all the Subject matters that "KLIESH" raised.  Whereby, show he

REFUSED to ENFORCE Pennsylvania State Laws. Which he is REQUIRED to do

under the Pennsylvania Judicial Conduct Rules, United States Constitution and his

OATH OF OFFICE.

Which is AFFIRMED in ( HAGER V. RECLAMATION DIST. 111 U.S. 701, 708

( 1884) )

> ( Quote)
>
> ( " Due process of law is { process which}, following the forms
> Of law, is appropriate to the case and just to the parties
> Affected. It must be pursued in the ordinary mode prescribed
> By law; it must be adapted to the end to be attained; and
> Whenever necessary to the protection of the parties, it must
> Give them an opportunity to be heard respecting the justice of the
> Judgment sought. Any legal proceeding enforced by public
> Authority , whether sanctioned by age or custom or newly
> Devised in the discreation of the legislative power, which
> Regards and preserves these principles of liberty and
> Justice, must be held to be due process of law." ID. At 708;
> Accord, HURTADO  V. CALIFORNIA, 110 U.S. 516, 537
> ( 1884)

Therefore, by the EVIDENCE provided and his ADMISSIONS therein the

Defendant, JUDGE RAYMOND F. Mc HUGH, has in fact filed a ORDER base

solely on (PERSONAL OPINION), and REFUSED to render an ORDER based on

the MERITS of the case. To PROTECT and AID and ABET the other 2 Defendants,

28.

ALLEN TOADVINE and REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY to COMMIT FRAUD against "KLIESH".

Which means that the ( UNDERLYING PROCEEDING TERMINATED

FAVORABLY TO THE PLAINTIFF, SINCE NO ORDER WAS FILED BASED

ON THE MERITS OF THE CASE).

Therefore, all 3 Defendants, REDEVELOPMENT AUTHORITY OF BUCKS

COUNTY, ALLEN TOADVINE and JUDGE RAYMOND F. Mc HUGH, provided

EVIDENCE that they have fulfilled all 3 requirements for the Plaintiff, John Kliesh

to claim the " DRAGONETTI ACT". Since first the Underlying Eminent Domain

Case was in fact terminated in favor of the Plaintiff, since there was NO ORDER

filed based on the MERITS of the case. Second that the the first 2 DEFENDANTS

filed the case ( WITHOUT PROBABLE CAUSE OR LEGAL AUTHORITY TO

FILE). And Third since MALICE was the base of the case to DEFRAUD "KLIESH"

out of his property, which time all Pennsylvania Laws where REFUSED to be

enforced.

Additionally as Raised prior " KLIESH" did file an Appeal in the

" COMMONWEALTH COURT OF PENNSYLVANIA" which was Docketed under

( 143 CD 2020 ). Now the Appeal was handled in the following manor ( 1 ) now as the

Docket shows at ( NO TIME) was there any JUDGES assigned to the case as

Required by their " Internal Operating Procedures" (2)  as shown on the Docket the

claimed Order was filed on the Docket at 12 Midnight, when the Courts are closed.

( 3) as shown by the claimed Order there was NO JUDGES listed on the Order and

29.

there is NO JUDGES Signature a ( BLANK ORDER). Which was filed by an

UNKNOWN person from a remote location. Which the Court REFUSES to disclose

who filed the claimed Order.

After which " KLIESH" was forced to TERMINATE any other possible State Court

Proceedings to file this case.

( C ).    Additionally if this Court reviews ( EXHIBIT 2) ( OBJECTION TO THE

DECLARATION OF TAKING), this Court will also find that " KLIESH"

(OBJECTED TO THE BUCKS COUNTY COMMON PLEAS COURTS CLAIM

TO JURISDICTION). Since as "KLIESH" presented ( COURT DOCKUMENTS)

showing WIDE SPRED CORRUMPTION in the Bucks County Court of Common

Pleas which is DIRECTED at "KLIESH".

Which time "KLIESH" raised a child SUPPORT and CUSTODY cases, which time

the ( SUPERIOR COURT OF PENNSYLVANIA), put in their OPINION that the

BUCKS COUNTY DOMESTIC RELATIONS, COMITTED FELONY CRIMES.

When they DOUBLED "KLIESH'S" income on their support Dockuments and

INFLATED STATE CHART AMOUNTS.

And when "KLIESH" objected to their actions they then UNLAWFULLY withheld,

" KLIESH'S" ONLY SON FROM HIM. Dispite all the attempts he made to see his

son. Which means that "KLIESH" has NOT SEEN his SON since the year 2002.

And cost "KLIESH" THOUSANDS of Dollars, which left "KLIESH" in severe

Financial HARDSHIP. Since they where taking HALF of his pay.

Second that when a " PREDATORY SERVICER" " SELECT PORTFOLIO

SERVICING" filed a FRAUDULENT FORECLOSURE ACTION claiming a

FORGED MORTGAGE CONTRACT. A JUDGE JOHN RUFE ( retired), who was

the very same judge. Who DENIED "KLIESH" to see his ONLY SON. Then tried to

retaliate against "KLIESH" by claiming jurisdiction over the case, when under

Pennsylvania State Foreclosure Rule 1148. Required his to turn jurisdiction over to

the Federal Court System. Instead he ruled in favor of a Summary Judgment filed

by 2 Lawyers, who where NOT COUNCIL OF RECORD.

Which then forced "KLIESH" into a 10 year Court battle with the Predatory

Servicer who LOST in the END.

Which is why "KLIESH" need to do a "QUITE TITLE ACTION" on his property.

Then third during the ten year Court battle with the Predatory Servicer.

The Borough of Morrisville filed a case against attempting to claim a " TRASH

BILL", which they where NOT PROVIDING SERVICE for to "KLIESH".

Which time the case was assigned to a " JUDGE FINLEY", however, as the Court

records show a " JUDGE Mc MASTERS" was lobied by the Borough of

Morrisville's Council at the time. To UNLAWFULLY INTERFERE with NO

PERSONAL JURISDICTION in the case.  Which time the " JUDGE Mc

MASTERS" " PREDISPOSED" the case, when he filed a ORDER in the case in

favor of the Borough of Morrisville. At 7: 54 am the day of the claimed hearing,

which as that Judge ADMITTED the hearing did not start until about 11:00 am.

Then held a second hearing on the case AFTER JURISDICTION was turned over to

the Commonwealth Court of Pennsylvania.

31.

Then Fourth "KLIESH" filed a case against the Borough of Morrisville and the

Morrisville School Board. To force them to render "KLIESH'S" property " TAX

EXEMPT". Which is the same property which has been made subject in the

Eminent Domain Case.  Since under Pennsylvania title 53, Section 8813 and

Pennsylvania Title 72, Section 405, "KLIESH'S" property is TAX EXEMPT.

Now the case was filed because the Borough of Morrisville and the Morrisville

School Board was trying to sell "KLIESH'S" property for claiming Back Taxes.

During which time the " BUCKS COUNTY TAX OFFICE and JUDGE DEVILIN-

SCOTT" DENIED the sale of his property since it is TAX EXEMPT.

Now during the afor mentioned case a " JUDGE ALBERT J. CEPPARULO"

( retired- then past away) was assigned to the case. However, as the Docket shows a

" JUDGE GARY GILMAN" UNLAWFULLY INTERFERED with the case, with

NO PERSONAL JURISDICTION. To fix the case in favor of the Borough of

Morrisville and the Morrisville School Board. Which time that DOCKET shows 3

"JUDGES" being involved with the case,  (1) Judge Caporal ( assigned judge) (2)

Judge Gary Gilman ( who signed the first Order) (3) JUDGE FILTCH ( who hand

signed a second ORDER drafted by JUDGE GARY GILMAN ( which time the

Order has both Judges names on it, since FILTCH signed under ( FOR JUDGE

GILMAN)).

Therefore, "KLIESH'S" Object to Jurisdiction shows a LONG HISTORY of the

BUCKS COUNTY COURT OF COMMON PLEAS. Committing Multible

Constitutional Violations and CRIMINAL ACTS to DIRECTLY cost "KLIESH" as

32.

Much as possible being the " LOSS OF HIS ONLY SON, MONEY and  HIS PROPERTY".
Which under the Defendants, JUDGE RAYMOND F. Mc HUGH'S ( DUTY TO ACT),
should have reported the above CORRUMPTION to the FEDERAL AUTHORITIES.
Which he clearly REFUSED to do, instead elected to take part in the CORRUMPTION.

## EQUITABLE TOLLING DOCTRINE

Now the Plaintiff, John Kliesh Requests the "Equitable Tolling Doctrine" be GRANTED in
this case. Since the Defendants, REDEVELOPMENT AUTHORITY OF BUCKS
COUNTY, ALLEN TOADVINE and JUDGE RAYMOND F. Mc HUGH has been actively
preventing the Plaintiff, John Kliesh from enforcing his RIGHTS under the United States
Constitution, in the following way.

Now as this courts records shows, this case has been filed once before. Under the heading of
" KLIESH V. REDEVELOPMENT AUTHORITY OF BUCKS COUNTY et al , docket #
2:21- cv-00733- MSG, which was filed on February 11, 2021.

Which time the Defendants clearly LOBIED this court to PROTECT them by DENYING,
the Plaintiff, John Kliesh his Constitutional Rights.

Now as shown in the Records this Court assigned a Senior Judge " C. DARNELL JONES,
II", who them UNLAWFULLY STAYED the case. Until he retired "December 20, 2022"
during which time he filed only one Order " Terminating Discovery", on the date of
November 10, 2021.

Then on the date of December 20, 2022 this court Assigned " Judge Mitchell S. Goldberg".
Who then on the date of January 10,2023 Ordered a Telephone Conference for January
30,2023. Which time "Judge Mitchell S. Goldberg" AMITTED on Transcripts that he has a
"PERSONAL RELATIONSHIP" with the Defendants and their Council. Along with being
a former "Judge" of Bucks County Court of Common Pleas. Which under FEDERAL Civil
Law(s). Judge Mitchell S. Goldberg was Required to "RECUSE HIMSELF", supported by
Federal Case Law. Instead " Judge Mitchell S. Goldberg" gave the Plaintiff, John Kliesh

33.

only about 2 weeks, to file a "Motion to Recuse" in VIOLATION of Federal Laws. Since in accordance with Federal Laws " A party has the right to filed a Motion to Recuse until a Final Order is filed". Now Judge Mitchell S. Goldberg's UNLAWFUL Actions regarding the Motion to Recuse are AFFIRMED by his Order dated January 30,2023.

Now since Judge Mitchell S. Goldberg has REFUSED to Recuse himself after ADMITTING to his "PERSONAL RELATIONSHIPS" with the Defendants and Council. He then FORFEITED his JURISDICTION in this case. Under FEDERAL CRIMINAL CODES OF TREASON, which holds a penalty of 5 years Prison term and 10 Thousand Dollars fine.

Additionally, under the same Criminal Codes " A Judge Forfeits his Jurisdiction if he/ she refuses to enforce any law(s) on behalf of a party".

Now as Federal Laws show that since Judge Mitchell S. Goldberg "FORFEITED" his Jurisdiction, any Orders he filed in the case are rendered "VOID" at best.

Now as shown by the record the Plaintiff, John Kliesh filed a "Motion to Recuse" on the dated of February 6, 2023, DENIED on February 9, 2023, the a "Motion to Amend" was filed on February 15, 2023, DENIED on February 16, 2023. Then on the date of February 22,2023 Judge Mitchell S. Goldberg filed an Order DISMISSING the Plaintiff, John Kliesh's Complaint against HIS FRIENDS.

Noting that Judge Mitchell S. Goldberg Ordered the DOCKET to be LOCKED to prevent the Plaintiff, John Kliesh, from filing an APPEAL or any other documents.

Therefore, as shown by the Record Judge Mitchell S. Goldberg Dismissed the Plaintiff's case against his friends within 81 Days UNLAWFULLY.

Then in addition Judge Mitchell S. Goldberg, filed Orders regarding "EN BANC" Motions which he lacked JURISDICTION to file. In accordance with this Courts "Internal Operating Rules.

Noting that the Plaintiff, John Kliesh did file an Appeal on Judge Mitchell S. Goldberg's Orders. Which time as the Appeal court records shows that the Plaintiff, John Kliesh's

34.

Appeal was UNLAWFULLY PREDISPOSED. By Judges JORDAN, CHUNG and NYGAARD, Since as the record shows these Judges were presented with the Appeal on September 5, 2023 and within 8 hours. They created an Order Denying the Plaintiff's Appeal, making such claims as " A JUDGE HAS CONTROL OVER THE DOCKET". Which time they site NO LAWS. Noting that they Appeal Court Judges REFUSED to Render a Ruling on the "MERITS" of the case, shown in their Order.  Which is VIOLATING the Plaintiff, John Kliesh' Constitutional Rights.

Therefore, the Plaintiff, John Kliesh is Legally entitled to "Equitable Tolling" in this case. Since this Court has been UNLAWFULLY DENYING the Plaintiff, John Kliesh, his Constitutional Rights to PROTECT the Defendant's in this case.

Now the UNITED STATES SUPREME COURT has stated that Equitable Tolling is proper when (1) THAT HE HAS BEEN PURSUING HIS RIGHTS DILIGENTLY, and (2) THAT SOME EXTRAORDINARY CIRCUMSTANCE STOOD IN HIS WAY. See  ( PACE V. DIGUGLIELMO, 544 U.S. 408, 418 (2005)), ( YOUNG V. UNITED STATES, 535 U.S. 43,47 (2002)). ( LOZANO V. MONTOYA ALVARES, 572 U.S. 1, 10 (2014)).

## JURY TRIAL DEMAND

The Plaintiff, John Kliesh, hereby DEMANDS a Jury Trial under his Rights of the United States Constitution, Amendment VII. Since this Court has provided Evidence that this Court LACKS the INTEGRITY to Render a LEGAL, UNBIAS ruling in this case. Which the EVIDENCE created by this Court has already been provided to the UNITED STATES CONGRESS and is being made PUBLIC.

Now since this Court has already claimed JURISDICTION over this case, this Court can no longer just Dismiss this case to Protect the Defendants.

## CONCLUSION

Therefore, the Plaintiff, John Kliesh DEMAND A JURY TRIAL against the Defendants.

35.

Which time he is requesting a Restitution of 10 Million Dollars and for Judge Raymond F. Mc Hugh to be removed from the Bench in Accordance with the United States Constitution, along with the Law License of the Defendant, Allen Toadvine to be REVOKED.

BY: _____

John Kliesh

1 Ivy Lane

Yardley, Pa. 19067

(215) 431- 9642

Plaintiff / Pro Se

36.

# EXHIBIT

# 1

**MARTE AND TOADVINE**
**BY: Allen W. Toadvine, Esquire**
**ATTORNEY I.D. #: 30893**
**344 S. Bellevue Ave.**
**Langhorne, PA 19047**
**(215) 757-0344**
**Email: toadvine@marteandtoadvine.com**

**ATTORNEY FOR: CONDEMNOR,**
**REDEVELOPMENT AUTHORITY**
**OF THE COUNTY OF BUCKS**

| | |
|---|---|
| IN RE: | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PA |
| CONDEMNATION OF LAND | : |
| IN MORRISVILLE BOROUGH, BUCKS | : |
| COUNTY, PENNSYLVANIA | : |
| LOCATED AT 22 DELAWARE AVENUE | : |
| | : EMINENT DOMAIN |
| Tax Map Parcel No. 24-010-074 and | : |
| | : |
| Owner: JOHN C. KLIESH | : NO. 2019-06703 |

## NOTICE TO CONDEMNEE

To:   John C. Kliesh
      22 Delaware Avenue
      Morrisville, PA 19067

John C. Kliesh
1 Ivy Lane
Yardley, PA 19067

You are hereby notified that a Declaration of Taking has been filed by the Redevelopment Authority of the County of Bucks in the Court of Common Pleas of Bucks County, Pennsylvania, condemning your property at 22 Delaware Avenue, Morrisville Borough, Pennsylvania, Tax Map Parcel No. 24-010-074, pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, as amended, 35 P.S. § 1712.1.  A true and correct copy of the Declaration of Taking is attached to this Notice.  You are further notified that the date of filing of the Declaration of Taking was September 25, 2019, and that the matter was filed at Docket Number 2019-06703.

If you wish to challenge the power or the right of the condemnor to appropriate the condemned property, the sufficiency of the security, the procedure followed by the condemnor or the Declaration of Taking, you must file Preliminary Objections within 30 days after being served with this Notice.


MARTE AND TOADVINE


BY: _____
ALLEN W. TOADVINE, ESQUIRE
Attorney for Condemnor,
Redevelopment Authority for the County
of Bucks


DATE:  September 30, 2019

**VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

**MARTE AND TOADVINE**
BY: Allen W. Toadvine, Esquire
ATTORNEY I.D. #:  30893
344 S. Bellevue Ave.
Langhorne, PA  19047
(215) 757-0344
Email: toadvine@marteandtoadvine.com

**ATTORNEY FOR: CONDEMNOR,
REDEVELOPMENT AUTHORITY
OF THE COUNTY OF BUCKS**

| | |
|---|---|
| IN RE: | : **COURT OF COMMON PLEAS** |
| | : **BUCKS COUNTY, PA** |
| CONDEMNATION OF LAND | : |
| IN MORRISVILLE BOROUGH, BUCKS | : |
| COUNTY, PENNSYLVANIA | : |
| LOCATED AT 22 DELAWARE AVENUE | : |
| | : **EMINENT DOMAIN** |
| Tax Map Parcel No. 24-010-074 and | : |
| | : |
| Owner:  JOHN C. KLIESH | : **NO.** |

Case #: 2019-06703-0000    12407744
Main (Public)
Code: 0          Judge:38
Rcpt: 2019-22-01351   9/25/2019 8:44:32 AM

## DECLARATION OF TAKING

The Redevelopment Authority of the County of Bucks declares that:

    1.     The condemnor is the Redevelopment Authority of the County of Bucks

(the "Authority"), formed pursuant to the Pennsylvania Urban Redevelopment Law, Act

of May 24, 1945, P.L. 991, as amended, 35 P.S. § 1701 *et seq.*, and having its principal

office at 216 Pond Street, Bristol, Pennsylvania 19007.

    2.     The power of eminent domain is granted to the Authority by the

Pennsylvania Urban Redevelopment Law, *supra*.

    3.     This Declaration of Taking was authorized by Resolution #28-2019 of the

Authority, adopted and enacted at a regularly scheduled meeting on September 20,

2019.  The record of this action may be examined at the Authority's principal office.

4.      The purpose of the condemnation is to acquire, hold, manage, clear, improve, develop, redevelop, and/or dispose of that certain real property described herein, and all improvements and personal property located thereon, together with the private rights to any streets located thereon, to eliminate the blighted conditions which exist on said property in furtherance of the powers granted to the Authority pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment Law, *supra*, 35 P.S. §1712.1.

5.      The property being condemned is located in Morrisville Borough in the County of Bucks and is described in Exhibit "A" attached hereto.  A description of the property condemned is being filed on this date in the Office of the Recorder of Deeds of Bucks County, in accordance with Section 304 of the Eminent Domain Code, Act of May 4, 2006, P.L. 112, 26 Pa.C.S.A. § 304.

6.      The title acquired is fee simple and absolute.

7.      A plan showing the condemned property may be inspected at the Authority's principal office.

8.      Just compensation for the property condemned has been secured by the Authority's Bond, without surety, pursuant to Section 303 of the Eminent Domain Code, *supra*, 26 Pa.C.S.A. § 303.  The Bond is being filed herewith and is attached hereto as Exhibit "B".


MARTE AND TOADVINE

BY:     _____
ALLEN W. TOADVINE, ESQUIRE
ATTORNEY FOR CONDEMNOR

**VERIFICATION**

**SEAN D. SCHAFER**, Chairman of Condemnor herein, verifies that the statements made in the within Declaration of Taking are true and correct to the best of his information, knowledge and belief and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Sean D. Schafer

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, situate in the Borough of Morrisville, County of Bucks and Commonwealth of Pennsylvania, described according to a Minor Subdivision Plan of Tax Map Parcel 24-10-74, prepared by AMAC Group, Inc., Levittown, Pennsylvania, dated 3/30/1987 as follows:

BEGINNING at a point, a corner on the Northwest side of Delaware Avenue (60 feet wide right-of-way), said point also being a corner of lands now or late of DiSanto, which point is measured on a course South 59 degrees 46 minutes East 121.00 feet from its point of intersection with the Northeast side of Pennsylvania Avenue (60 feet wide right-of-way); thence extending from said beginning point, along lands now or late of DiSanto and line of lands of others, North 30 degrees 14 minutes West 150.00 feet to a point on the Southeast side of an existing 20 feet wide alley; thence extending along the same, North 59 degrees 46 minutes East 25.52 feet to a point, a corner of Lot No. 2 on said plan; thence extending along the same, South 30 degrees 14 minutes East 150.00 feet to a point on the Northwest side of Delaware Avenue, aforementioned; thence extending along the same, South 59 degrees 46 minutes West 25.52 feet to the first mentioned point and place of beginning.

BEING all of Lot No. 1 as shown on the aforementioned Plan.

BEING House No. 22 Delaware Avenue.

BEING part of County Parcel Number 24-10-74.

## BOND WITHOUT SURETY

WHEREAS, the Redevelopment Authority of the County of Bucks, a redevelopment authority organized and existing under the laws of the Commonwealth of Pennsylvania ("OBLIGOR"), desires to file its bond, pursuant to Section 303(a) of the Eminent Domain Code, Act of May 4, 2006, P.L. 112, 26 Pa. C.S.A. § 303, as security for the payment of such damages as shall be determined by law or as agreed upon by the parties.

NOW, KNOW ALL MEN BY THESE PRESENTS, that the said OBLIGOR is held and firmly bound unto the Commonwealth of Pennsylvania, for the use and benefit of the owner or owners of the property interests condemned as hereinafter noted, for the damages to be paid to the said owner or owners of such property interests by reason of the condemnation by the OBLIGOR of certain land situate in Morrisville Borough, Bucks County, Pennsylvania and known as Bucks County Tax Map Parcel No. 24-010-074, and more particularly described in the Declaration of Taking filed herewith, to which payment well and truly to be made, the said OBLIGOR does bind itself, and its successors and assigns, firmly by these presents.

NOW THE CONDITION of this Bond is such that if the OBLIGOR shall pay or cause to be paid to the owner or owners of the property interests condemned the damages as

shall be determined by law or as agreed upon by the parties, then this obligation shall be void; otherwise, it shall be and remain in full force and effect.

Sealed with the corporate seal and duly executed this 20th day of September, 2019.

REDEVELOPMENT AUTHORITY OF THE
COUNTY OF BUCKS

BY: _____
Sean D. Schafer, Chairman

ATTEST:

_____ (SEAL)
Secretary

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Counsel for Plaintiff

Signature: _____

Name: Allen W. Toadvine, Esquire

Attorney No. (if applicable): 67526

# EXHIBIT

# 2

IN THE COURT OF COMMON PLEAS

BUCKS COUNTY, PA.

IN RE:

CONDEMNATION OF LAND                    EMINENT DOMAIN

IN MORRISVILLE BOROUGH, BUCKS

COUNTY, PENNSYVANIA

LOCATED AT 22 DELAWARE AVENUE    :   NO. 2019 – 06703

Tax Map Parcel No. 24-010-074

Owner: JOHN KLIESH

---

## OBJECTION OF OWNER JOHN KLIESH TO THE DECLARATION OF TAKING

The Owner " Kliesh" hereby Objects to the taking of his Property known as 22 Delaware

Avenue, Morrisville, Pa 19067. By the Redevelopment Authority of Bucks County, located at

216 Pond Street, Bristol, Pennsylvania 19007. Which "Kliesh" was Served with on October 2,

2019, by way of First Class Certified Mail.

However, First "Kliesh" would like to OFFER this Court and the Redevelopment Authority of

Bucks County ( GOOD FAITH) information. Voluntarily which "Kliesh" is NOT REQUIRED

to do, in an attempt reduce any unnecessary hardship of claims or Financial Costs being incurred

by EITHER Party "Kliesh" and the "Redevelopment Authority of Bucks County". Which

"Kliesh" is in FULL KNOWLEDGE that the "Redevelopment Authority of Bucks County" can

use the Information against him. Which some of the Information would be considered

IRRELEVENT in most Eminent Domain cases, but is in Fact Relevant in this case. Since the

Information and EVIDENCE will Prove that this case has been Started in RETALIATION by the

BOROUGH OF MORRISVILLE. Which as COURT RECORDS SHOWS the BOROUGH OF

MORRISVILLE has been Harassing and Attempting to DEFRAUD "Kliesh" out of Money and

his Property, which started in 2012. Which the Evidence in this " OBJECTION" WILL affirm.

  A.   Now First "Kliesh" has been wanting for MANY YEARS to SELL the property in

Question "22 Delaware Avenue, Morrisville, Pa 19067". Which "Kliesh" has LEGALLY

NOT PERMITTED to sell the property. Due to a FRAUDULENT Mortgage filed against it.

Which on October 5,2005 a Company Named SELECT PORTFOLIO SERVICING, Filed a

FRAUDULENT FORECLOSUSER Case. Against "Kliesh's" property, which is why

"Kliesh" still owns the property and is evidence of this claim.

The case was filed in the ( Bucks County Court of Common Pleas Docket No 2005-

06538-18-1, MANUFACTURERS AND TRADERS TRUST COMPANY V. JOHN

KLIESH). Which was placed in front of JUDGE JOHN RUFE, who under Pennsylvania

State Foreclosure Law, Civil procedure Rule 1148, LACKED JURIDICTION in the case.

But REFUSED to turn the case over to the FEDERAL COURT SYSTEM. Which time he

Made a Ruling on the case Despite a PETITION for RECUSIAL filed by "Kliesh".

Now (EXHIBIT 1) is a copy of a PETITION FOR DECLARITY JUDGMENT RELIEF,

"Kliesh" filed in an attempt to remove the FRAUDULENT Mortgage. Which Bucks County

Common Pleas Court Judge Gilman, DENIED the Petition claiming it was an APPEAL.

Judge Gilman also DISMISSED a case JOHN KLIESH V. BUCKS COUNTY DEEDS OFFICE,

which in that case "Kliesh" was requesting the FRAUDULENT Mortgage to be terminated.

Additionally "Kliesh" has filed 2 cases in the THIRD CIRCUIT FEDERAL COURT against

SELECT PORTFOLIO SERVICING. Which in both FEDERAL COURT filing, Select Portfolio

Servicing claimed Judge John Rufe's "ORDER" to claim the ROOKERFELDMAN DOCTRIN.

To PREVENT "Kliesh" from ENFORCING HIS UNITED STATES CONSTITUTIONAL

RIGHTS. See Third Circuit Federal Court ( JOHN KLIESH V. SELECT PORTFOLIO

SERVICING and CREDIT SUISSE FIRST BOSTON and ECKERT SEAMANS CHERIN &

MELLOTT LLC., Docket No. 12-548) and ( JOHN KLIESH V. SELECT PORTFOLIO

SERVICING and ECKERT SEAMANS CHERIN & MELLOT, Docket No. 09-2726).

2.

Therefore, "Kliesh" NEEDS to do a QUITE TITLE ACTION on his property to ENFORCE his CONSTITUTIONAL RIGHTS, Against SELECT PORTFOLIO SERVICING.

Which would VOID Judge John Rufe's ORDER and their ROOKERFELDMAN DOCTRINE Claim.

Now if "Kliesh" is DENIED his Right to a QUITE TITLE ACTION, then the " Redevelopment Authority of Bucks County" will be KNOWINGLLY DENYING "Kliesh" his Constitutional Rights, in a case which they are NO PART of.

Now if the "Redevelopment Authority of Bucks County" wishes to ASSIST "Kliesh" with the QUITE TITLE ACTION. "Kliesh" would welcome the help, which he has already found a Lawyer to handle the Action see (EXHIBIT 2). Which would have been started already if 2 items did NOT come up (1) " Kliesh" was Diagnosed with CANCER in June of 2019, which required multiple Surgeries, last Surgery was on September 16th, 2019. Which cost "Kliesh" almost $2,000, Since St. Mary Hospital wanted the Insurance Deductible Prior to the Surgeries. (2) is the filing of this case.

Now as shown in Federal Court Records Select Portfolio Servicing COMPLAINED that they went through, 9 Years, 7 Lawyers and $325,000.00 Dollars trying to get "Kliesh" property, and where Abandoning their attempts. Which "Kliesh" represented himself PRO SE.

Additionally as shown in the Bucks County Court ( Foreclosure Case), JUDGE JOHN RUFE of the Bucks County Court of Common Pleas. Is the Person and Court, who FORCED "Kliesh" out of his Property In Question.


B.    Second " Kliesh" has NOT BEEN IN CONTROL of his Property in question, until December 10, 2018. Now in 2014  the Borough of Morrisville CLAIMED Control over "Kliesh's" property. Claiming that they and the Morrisville School Board where Selling "Kliesh's" Property see ( EXHIBIT 3). Which time the Borough of Morrisville DENIED "Kliesh" access to his Property to maintain it, not even to cut his lawn. Which the Borough of Morrisville ADMITTED in Court Records.

3.

Now as shown in (EXHIBIT 4) the Bucks County Court of Common Pleas Docket from the case of JOHN KLIESH V. MORRISVILLE BOROUGH, ROBERT SEWARD and MORRISVILLE BOROUGH SCHOOL DISTRICT, Docket 2016-03856, date 6/21/2016. Which "Kliesh" filed in an attempt to stop the Tax Sale of his property and regain CONTROL of his Property. Which is the case that the Borough of Morrisville ADMITTED their Claim of CONTROLLING "Kliesh" property. Which was DISMISSED by Bucks County of Common Pleas Court Judge Gary Gilman.

However, if you look at the first page, JUDGE ALBERT J. CEPPARULO is the assigned Judge on the case. Which under PENNSYLVANIA JUDICIAL CONDUCT RULES reads (1) only the Assigned Judge may render a Order on the case. (2) A Judge can only be removed from a case by filing a NOTICE OF RECUSE or DISQUALIFICATION, which is to be recorded in the Docket. Then under PENNSYLVANIA CIVIL PROCEDURE RULE the Clerk of Courts is to RECORD ON THE DOCKET a Notice of Transfer. Which neither are shown to be listed in the Docket. But as shown on page 2, #19, JUDGE G. GILMAN CLAIMED THE CASE. Under Bucks County Civil Procedure Rule 208 3(B). However, BCCP. Rule 208 3(B) REQUIRED the case to Given to the ASSIGNED JUDGE. Then at #22 the Docket shows JUDGE G. GILMAN FILED AN OREDER on the case. Then on Page 3, #23 shows JUDGE G. GILMAN filed a Second ORDER on the case.

After which "Kliesh" Filed a Motion of Reconsideration; which time JUDGE G. GILMAN drafted an ORDER to and put his Name as Judge on. However, he then had yet another Judge to hand sign the ORDER above his name, see (EXHIBIT 5).

Therefore, since JUDGE G. GILMAN and the other Judge was NOT ASSIGNED to the case; and LACKED PERSONAL JURISDICTION. Committed JUDICIAL TREASON against "Kliesh" as shown in FEDERAL CRIMINAL CODES.

Therefore, Bucks County Court of Common Pleas JUDGE G.GILMAN Committed JUDICIAL TREASON to DENY "Kliesh" Control of his property.

Now "Kliesh" Filed an Appeal to the COMMONWEALTH COURT OF PENNSYLVANIA.

4.

Which "Kliesh's" APPEAL was based on JUDGE G. GILMAN'S JUDICIAL TREASON.

"Kliesh's" Appeal also included JUDGE ALBERT J. CEPPARULO'S Retirement Documents to

the State, so his retirement could NOT be claimed. Since as shown in a later Docket on the case

generated by the Bucks County Court of Common Pleas (EXHIBIT 6). Shows that the Court has

NEVER LEGAL ASSIGNED JUDGE G. GILMAN as the assigned Judge. Since as shown there

is no longer an ASSIGNED Judge to the case.

Which time as the COMMONWEALTH COURT Docket shows, THERE WAS NO PANEL OF

JUDGES Assigned to the Appeal. And the ORDER was never signed by any JUDGE. The

ORDER also appeared to be drafted by a child, holding NO LAWS or CASE LAW.

Therefore, the Borough of Morrisville has in fact attempted 2 times to Commit the Criminal act

of ( FRUADULENT TRANSFER OF PROPERTY) under Pennsylvania Title 18 Criminal

Codes. Against "Kliesh" and his property. Which time they attempted to use the Bucks County

Tax Office. Which time the Bucks County Tax Office and Bucks County Court Judge Develin-

Scott DENIED. The Borough of Morrisville's FRAUDULENT Sale of "Kliesh's" property,

since his property is TAX EXEMPT under PA. Title 53 Municipal General Rules, Ss 8813 and

PA. Title 72 County Tax Assessment Act , Ss 205. See Judge Develin-Scott's ORDER dated

December 10, 2018 ( EXHIBIT 7).

Therefore, now as shown by this case both the Borough of Morrisville and the Bucks County

Court of Common Pleas are now, ATTEMPTING TO USE the " Redevelopment Authority of

Bucks County" to DEFRAUD "Kliesh" out of his property in question.


C.    Now prior to the year 2012, "Kliesh" has never had any problems with the Borough of

Morrisville. But then in 2012 the Borough of Morrisville by way of ( Robert Seward – NON

CERTIFIED Building Inspector / Fire marshal for the Borough). Which the Pennsylvania UCC

Board gave both (Seward and the Borough of Morrisville) a CEASE and DESIST Notice on.

Elected to attempt to DEFRUAD "Kliesh" out of money when they filed charges against

"Kliesh" in Small Claims Court, who failed to hold Jurisdiction see ( EXHIBIT 8). Which time

"Kliesh" filed a ( Petition For Change of Venue), which time the case was sent to the Bucks County Court of Common Pleas see ( EXHIBIT 9). Now in (EXHIBIT 9) the Bucks County Court Docket first shows that ( JUDGE JEFFREY L. FINLEY) was assigned to the case. Second you will find that "Kliesh" started ( DISCOVER) at #4, which time ( JAMES DOWNEY-COUNCIL FOR THE BOROUGH OF MORRISVILE) Refused to COMPLY with Pennsylvania State Laws regarding ( DISCOVERY). Instead He filed for a Hearing #5and #8, which time the Hearing date was on 7/1/2013. Which time JUDGE JAMES Mc MASTERS appeared on the bench and conducted the hearing, who was NOT the assigned Judge. JUDGE FINLEY is the assigned Judge. Now as Judge James Mc Masters ADMITTED in his Opinion to Commonwealth Court, the Hearing start at 11:00 am 7/1/2013. However at #15 in the Docket show that Judge James Mc Masters filed his ORDER on the case on 7/1/2013 at 7:54 am the day of the Hearing. Which means that Judge James Mc Master ILLEGALLY PREDISPOSED THE CASE Therefore, Bucks County Court of Common Pleas Judge James Mc Masters has Committed JUDICIAL TREASON, UNLAWFULLY PREDISPOSED THE CASE and DENIED " Kliesh" DUE PROSSESS OF LAW as shown in the Docket.

Additionally if you check the up to date Docket (WHICH "Kliesh" HAS), you will find that after Jurisdiction of the case was sent to Commonwealth Court. Judge James Mc Master and James Downey held a Second Hearing on the case. Which time "Kliesh" Challenged Judge James Mc Masters in OPEN COURT, on LACK OF JURISDICTION and Second Count of JUDICIAL TREASON.

Therefore, Both the BUCKS COUNTY COURT OF COMMON PLEAS and BOROUGH of MORRISVILLE, CONSPIRED and Committed FEDERAL CRIMES to DEFRUAD "Kliesh" out of money.

D.      Now as a result of the BOROUGH of MORRISVILE'S actions of FRAUD listed in this Brief and other Criminal Acts. "Kliesh" was Forced to file a CRIMINAL COMPLAINT against the Borough of Morrisville, Morrisville School Board and Portnoff Law Firm, with the Pennsylvania Department of Revenue.                6.

See ( EXHIBIT 10) which also explains why there are so many Vacant Properties in Morrisville. Since the Borough of Morrisville and School Board are DEFRAUDING the residents out of so much money. That the residents can't afford to raise children or fix their properties up, and end up being forced out.

Now as shown in the Criminal Complaint it was sent on MARCH 4, 2019, which "Kliesh" strongly suggest you read. And makes it clear that the Borough of Morrisville is USING the "Redevelopment Authority of Bucks County" to carry out Retaliation.

Since the Borough of Morrisville clearly obtained a copy of the Criminal Complaint filed against them by "Kliesh". By a Resident of Morrisville named ( GEORGIA CING-MARS TASHJI), who was the ONLY resident that "Kliesh" made the ERROR of giving a copy to. Which time about 2 weeks later the Borough of Morrisville Council REWARDED ( GEORGIS CING-MARS TASHJI) by appointing her to the Board of Directors of the Morrisville Library. Which "Kliesh" has Text Messages to prove.

E.    Now the reason for the Bucks County Court of Common Pleas personal Venetta and Criminal Harassment of "Kliesh" is Because of the Following.

Back in the year 2003 during a CHILD SUPPORT / CUSTODY Cases with "Kliesh" and (RUTH ROOKSTOOL), who was just Convicted of Defrauding the Morrisville Ambulance Squad out of $130,000.00.

First in the Child Support Case (ROOKSTOOL) Conspired with a Bucks County Court Hearing Officer named ( Michael Cianfichi). To Defraud "Kliesh" out of Money by DOUBLING HIS INCOME and INFLATING STATE CHART AMOUNTS. Now (Cianfichi) DOUBLED "Kliesh's" income by taking ONE MONTHS GROSS PAY and Only deducting ONE WEEK OF TAXES, ONE WEEK OF HEALTH INSURANCE. When Pennsylvania State Child Support Laws REQUIRES ALL MANDATORY DEDUCTIONS INCLUDING UNION DUES, to be Deducted. Also ( Cianfichi) used FABRICATED income for (ROOKSTOOL), since she ADDMITTED to MANUFACTURING her PAY STUB.

7.

Which time Judge M. Kane of the Bucks County Court of Common Pleas RUBBERSTAMPED. (Cianfichi's) documents resulting in FRAUDULENTLY INFLATING "Kliesh's" Child Support by 430 %, almost half his pay. Which "Kliesh" filed an APPEAL to the Pennsylvania Superior Court see (EXHIBIT 11). Now at the bottom of Page 2 of the OPINION, the Appeal Court listed ( Cianfichi's) Actions as FELONY CRIMES. Which they where required to WAIVE, due to the late Discovery and not being raised in "Kliesh's" Appeal Brief.

After which "Kliesh" filed a PETITION OF STAY in the Bucks County Court of Common Pleas. At which time as shown in the Transcripts (EXHIBIT 12), Judge M. Kane attempted to FRAUDULENTLY claim the Hearing was for Contempt of Court, and attempted ENTRAPMENT. During which time "Kliesh" challenged Judge M. Kane and he DENIED the Petition of Stay.

"Kliesh" then was Forced to file Charges against the Bucks County Court of Common Pleas in FEDERAL COURT, to defend himself from COURT CORRUPTION. For example, see Third Circuit Federal Appeals Court case ( John Kliesh v. Bucks County Domestic Relations, Docket 04-4714). During which time the case Finally Ended in the UNITED STATES SUPREME COURT in the year 2009.

Additionally in the year 2003 during the Child Custody Case, "Kliesh" was Forced to File 3 Contempt of Court Complaints against (ROOKSTOOL). Which was placed in front of Bucks County Court of Common Pleas Judge John Rufe. Which time as shown in Court Transcripts, Judge John Rufe made the Ruling. That "Kliesh" could No Longer file Contempt Charges against (ROOKSTOOL), so he could see his son. Unless "Kliesh" PAYED the Court Hundreds of Dollars. And at the time "Kliesh" could not file an Appeal since Judge John Rufe REFUSED to file his Order in the Court as required by Law.

Which has resulted in "Kliesh" being DENIED access to his son since 2003, Unlawfully. Which "Kliesh" raised in the Foreclosure Case See( Petition to Recuse Judge John Rufe.)

F.    Therefore, in accordance with FEDERAL JURISDICTION LAWS the Bucks County

8.

Court of Common Pleas has in Fact FORFEITED JURISDICTION over this case. Due to their

constant and ongoing CRIMINAL HARRASSMENT OF "Kliesh".

Noting that under Federal Treason Laws ( Any Judge or Lawyer who has been provided

evidence of Judicial Treason is REQUIRED to report the TREASON to Federal Authorities or be

Subject to being charged with Treason themselves.)

WHICH MEANS BY FEDERAL CRIMINAL LAW THE JUDGE ASSIGNED TO THIS CASE

IS REQUIRED REPORT JUDGES G. GILMAN and JUDGE Mc MASTERS TREASON TO

FEDERAL AUTHORITIES, OR LOOSE PERSONAL JURIDICTION OVER THIS CASE.

WHICH "KLIESH" WILL BE REQUESTING PROOF OF.


G.     Next in Part 4 of the "Redevelopment Authority of Bucks County's" Declaration of

Taking, they have claimed that "Kliesh's" property in question is BLIGHTED. However, they do

NOT list any Conditions. Therefore, "Kliesh" is being DENIED any Conditions to address in this

Case. Since even the Borough of Morrisville REFUSES to communicate with "Kliesh", either by

way of Talking, Letters or even E Mail.

Therefore, no claims can be raised about inside of the property, since the Borough of Morrisville

or the "Redevelopment Authority of Bucks County" has NOT REQUESTED "Kliesh", to

LEGALLY give them permission to Access or Trespass on his Property prior to the filing of this

case. Which means the "Redevelopment Authority of Bucks County" is RESTICTED to claims

visible from OFF HIS PROPERTY. Due to being UNLAWFULLY OBTAINED EVIDENCE.

And ADMMITTING to Committing the Criminal Acts of TRESPASSING and BREAKING

AND ENTERING.

Now first Approximately in the year summer of the year 2018, the Borough of Morrisville

contacted the BUCKS COUNTY BOARD OF HEALTH in an attempt to have "Kliesh's"

Property in question CONDEMMED. Which time the Bucks County Board of Health sent

"Kliesh" a Letter, which he has in his files. Requesting "Kliesh" to meet the Inspector at his

property to give him LEGAL ACCESS to the property for Inspection.

Which time "Kliesh" and the Inspector, inspected the property and the Bucks County Board of Health could NOT FIND any Conditions to Condemn the property. In fact, the Inspector could NOT even find any object holding standing water on the property.

After which the Inspector told "Kliesh" that he was going directly to the Borough of Morrisville to report that the property could NOT be Condemned. At that time "Kliesh" asked the Inspector to request the Borough of Morrisville to cut the Lawn. Since they were DENYING him Access to the Property. The Inspector then told "Kliesh" the Lawn was out of his Jurisdiction but he would ask.

Second even "Kliesh" has a couple of problems with his Property in Question (1) there is a 30 Foot Boat that was Abandoned on his property. Which was placed there without his permission and is NOT TITLED to "Kliesh", which has been there since 2007. Which "Kliesh" Consulted Morrisville Small Claims Court Judge Mike Burns, who then told "Kliesh" he had to file in the Court of Common Pleas. To have the Boat Declared Abandoned and Legally Titled to him to dispose of it. Since first there is No Trailer under the Boat, and "Kliesh" would have been Violating Multiple Laws, it tried to cut it up, dump it on a road side or set it a drift. Noting that "Kliesh's" property is Fenced in to prevent anyone from entering it.

(2) Second "Kliesh" has had a problem with the Grass/ Lawn which can NOT be Legally Claimed in this case, as "Kliesh" will develop. Now prior to the year 2014 when the Borough of Morrisville Claimed Control over his property. "Kliesh" maintained his property weekly to keep the appearance of it being lived in. Then after the Borough of Morrisville claimed Control, "Kliesh" could no longer maintain it, which time the Borough of Morrisville REFUSED to cut the lawn. Even after the Bucks County Health Department asked them also.

At one point a Gentleman Called "Kliesh" who had purchased the property next to "Kliesh's". First, he requested to buy "Kliesh's" Property, which "Kliesh's" explained he could NOT LEGALLY sell it yet due to the FRAUDULENT MORTGAGE Lien. Then he asked "Kliesh" if he would mind if he cut "Kliesh's" front lawn. "Kliesh" told him to go a head since the Borough of Morrisville was REFUSING to cut it, which lasted a short time. After which the Lawn got over grown again.

10.

Now in the beginning of the Winter December 10, 2018 "Kliesh" was finally given Control of his Property back, as shown in (EXHIBIT 7). Which time he had to wait till the Weather got better to start Maintaining the Property again. And shortly after he started Maintaining his property. "Kliesh" was Diagnosed with " CANCER" in June of 2019. Causing "Kliesh" to go through multiple Surgeries. Whereby, "Kliesh" had to survive until September 16th, 2019, with a 5-inch hole in his back. Covered with a Silicone pad which stapled down to it See (EXHIBIT 13). Now since the Lawn is the ONLY Claim which can be claimed by the Borough of Morrisville to the "Redevelopment Authority of Bucks County". The Borough of Morrisville has in fact FRAUDULENTLY made the claim. Since First they CREATED the Claim, by REFUSING to cut "Kliesh's" Lawn, when they claimed Control over the property.

This claim is supported further since as shown in Borough of Morrisville Ordinance (s) chapter 220, ss 220-7(EXHIBIT 16). The Borough of Morrisville has Claimed that they have Authority to cut a person's Lawn, after the Borough of Morrisville provides the person with a "Notice". Which time they would charge the person Fees for cutting the Lawn.

Therefore, the Borough of Morrisville has in fact VIOLATED THEIR OWN BOROUGH ORDENANCES, TO CREATE THE CLAIM. Since the Borough of Morrisville REFUSES ANY CONTACT with "Kliesh".

Noting that in August of 2019, "Kliesh" E mailed 3 Borough Council Members to DEMAND they correct their Actions and cut his Lawn. Which Council President (Debbie Smith) and Council Persons (Mike Yager and Corryn Kronnagel) Either referred "Kliesh" to the Borough or REFUSED to ANSWER, see (EXHIBIT 14).


H.   Now just prior to the Borough of Morrisville Claiming Control of "Kliesh's" property. His property was Broken in to by a Neighbor, who "Kliesh" found in his House when he came to maintain the property. "Kliesh" then called the Morrisville Police, after the Neighbor got away from "Kliesh", see (EXHIBIT 15). Which time one of the Morrisvilles Police Officers told "KLiesh" ( DON'T WORRY ABOUT IT THE GUY IS MOVING). Which did not surprise

11.

"Kliesh" since a years prior the Police REFUSED to take a stolen Vehicle report from him.
After the Neighbor broke in to "Kliesh's" property, he had the property reassessed by the
(BUCKS COUNTY TAX OFFICE). Who then reduced the Value of his property from
$129,000.00 to $70,000.00 and reduced the Tax rate from $2,200.00 to just over $600.00 per
year (Combined School, Borough and County Taxes).

Which "Kliesh" has multiple interested Buyers such as in (EXHIBIT 17), but has been DENIED
His Right to sell the property due to the FRAUDULENT MORTGAGE attached to the DEED.
Which the BUCKS COUNTY COURT OF COMMON PLEAS has been DENYING his Rights
to REMOVE the Fraudulent Mortgage. So "Kliesh" has found a Lawyer in Philadelphia to do a
(QUITE TITLE ACTION) to remove the Fraudulent Mortgage. Which he has been delayed in
doing, due the Multiple Cancer Surgeries and this case.


I.

Additionally, it would be an UNLAWFUL Act for the "Redevelopment Authority of Bucks
County" and Bad Faith. For them to Attempt to Claim OWNERSHIP of "Kliesh's" property. By
Filing a Proposed Offer for "Kliesh's" property as REQUIRED by Pennsylvania Eminent
Domain Laws.
(However, if the "Redevelopment Authority of Bucks County" had sent "Kliesh" a Letter stating
an interest in his Property. "Kliesh" would have just ASKED them for HELP getting the (QUITE
TITLE ACTION) done and be More the HAPPY to sell them his Property, which still stands.)


## CONCLUSSION


Therefore, it is very Clear that the "Redevelopment Authority of Bucks County" is being USED
as a pawn for Retaliation. By the Borough of Morrisville as they tried to USE the Bucks County
Tax Office. To Commit the criminal Act of ( FRAUDULENT TRANSFER OF PROPERTY).
Which they are Relying on the HELP of the BUCKS COUNTY COURT OF COMMON

## PROOF OF SERVICE

The Owner "Kliesh" hereby, certifies that a True Copy of this Brief entitled (OBJECTION OF

OWNER, JOHN KLIESH TO THE DECLARATION OF TAKING) has been sent to the

"Redevelopment Authority of Bucks County" on the date of October 16, 2019, via First class

Certified Mail. Which has been sent to their Council of Record listed below.

Allen W. Toadvine, Esq.

Attorney I.D. # 30893

344 S. Bellevue Ave.

Langhorne, Pa. 19047

(215) 757-0344     Phone

By: _____

John Kliesh

1 Ivy Lane

Yardley, Pa. 19067

(215) 431- 9642

Owner /  PRO  SE

# EXHIBIT

# 14

Debbie Smith

My Name is John Kliesh, the owner of the above listed property.
Now you can choose to disregard this email, which would be a very big mistake.

Now the Term ( you) in this email means the ( Borough).

Now I have found out on Facebook, that you are attempting another Illegal action. Against both my property and myself.
Which under the Criminal Codes is called a FRAUDULENT TRANSFER OF PROPERTY.

NOW as Court Recorts show you have elected to start a war with me. So you could financially profit from it. ( AKA MOTIVE, MONEY)
WHICH YOU HAVE BEEN LOOSING.

As Court Records show First you filed charges against me to collect FRAUDULENT TRASH FEES. Which ended with a Judge drafting a VOID ORDER.
Since that Judge ( Mc Masters) was Not assigned to the case. And by law only the assigned Judge can file an Order on the case.

Second you then tried 2 times to sell my property, by way of Sheriff Sale. By FRAUDULENTLY Claiming Back Taxes.
When my property is Tax Exempt, under Pa. Title 53 Municipal Rules General , section 8813 and Pa. Title 72 County Tax Assessment act, section 205.
Which the Bucks County Court of Common Pleas DENIED. Since your claims where Fraudulent.
Which time over the almost 5 years that you tried to illegally sell my property. As you ADMITTED in Court Records. You Denied me access to my property, to maintain it. When you claimed Control over it, which time you refused to maintain it.

Now presently you are Illegally attempting to claim my property is Blighted. Due to your own actions, which in Criminal Codes is called ENTRAPMENT. Since you are claiming Damages you caused.
HOW WELL DO YOU THINK YOUR ACTIONS WILL GO OVER IN FRONT OF A JURY.

Now what you should do is clean up my yard to the way it was, when you first claimed control over it. Which time then could return to maintaining my property weekly, as I was doing prior. Which then would END THE CLAIMED BLIGHTED PROPERTY CLAIM.
Should you elect to take Responsibility for your actions. You can email me, to set up a day or two for me to give you access to my property. To clean it up only.
By the way the notice you claimed to have sent me, was ILLEGAL.
Since it was to be sent to me at my last known legal address. Which I provided to both Council Members, Borough Manager and you lawyer has.
Instead you sent it to a VACANT Property with no mail service or mail box.

Now I hope we can end this Blighted Property problem Nicely.
So please respond to my email with your thought.

ohn Kliesh

ent from my Sprint Samsung Galaxy S9.

26h

Debbie Smith

Thank you for responding.

I have already attempted contacting the Borough Manager. And thus far he has refused to contact me back.

Which is the reason why you and others on the Council had to be contacted.

Since he works for the Council and the Council works for the Residents.

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

Debbie Smith

As you stated in your email, that I should contact the Borough Administration.
have in fact tried to contact your Borough Manager 3 times now about this problem. And all
times I was told ( he is not in today), which time he has REFUSED to contact me Back.

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

Well it's been 3 weeks trying to talk to your Borough Manager, and he still refuses to call me back or talk to me.


Sent from my Sprint Samsung Galaxy S9.

29h

Corryn Kronnagel,

My name is John Kliesh and I own the above property. Which the Borough is attempting to claim as Blighted, which the Borough has Caused. Which is shown in Court Records. Now since you are a lawyer, you know court records are evidence.

Which also means you are an Officer of the Court First and Council person Second.

Now as for the claim against my property, which is a very big legal error on the Borough's part.

Now as court records show, the Borough has tried to sell my property.

Two times ILLEGALLY on Sheriff sale, which the Courts have DENIED.

Both times, since my property is Tax Exempt. See Pa. Title 53 Municipal Rules General, section 8813 and Pa. Title 72 County Assessment Act, section 205.

Then as Court Records show the Borough ADMITTED, that they Denied me access to my property for almost 5 years. Which time the Borough refused to maintain my property, when they claimed CONTROL OVER IT.

Now the Borough is trying to use Damages they Caused to justify a claim.

Which time I found out about this Blighted Property claim on FACEBOOK.

Since the Borough claims they sent a Notice to a Known Vacant Property with no mail service or even a mailbox.

When the law requires the Notice to be sent to my last known legal address.

Which I provided to Council members, Borough Manager and the Borough's Lawyer has.

Which tells me the Borough is attempting to conceal their actions from me.

Now the HONEST way to to handle this problem. Would for the Borough to Offer to clean up my Lawn, to the way I was maintaining it prior to the Borough's unlawful tax claims and claiming Control.

Hopefully this Blighted property claim can be handled Nicely.

Now I think you Realize, I know the Laws very very well. Which has cost many Lawyers their License and even cost one Judge his bench, which I presently has 2 more Judges in the process of being removed.

Please email me back with your thoughts.

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

Mr. Kliesh,

Thank you for taking the time to reach out to me today. I'm sorry to hear about your physical ailments, but glad to hear steps are being taken to clean up the property to position it for sale. A lot goes into the decision to blight a property, but there is an event horizon to stopping any potential action from the borough.

I have copied both the borough and zoning officer on my response because they are going to be your best resource for moving forward, no matter how you decide to.

Best regards,

Mike Yager

Mike Yager
Borough Council, 4th Ward
(215) 570-4575

rom: skeletonrider <skeletonrider@aol.com>
ient: Tuesday, August 13, 2019 12:19 PM
o: myagermb@outlook.com
ubject: Re: 22 Delaware Ave

like Yager
ly name is John Kliesh and I own the above listed property.
ow I just found out on Facebook that the Borough, is making a nother unlawful attempt on my
roperty.

rst I would like to inform you that I have already started to clean up the property. Which has
ien interrupted, do to multiple cancer surgeries, which I have one more surgery to go through
close a 5 inch hole in my back, in September.

cond you do realize that as shown in Court Records. The Borough has in fact ADMITTED
IAT THEY ARE THE REASON FOR THE LACK OF UP KEEP ON MY PROPERTY.
w as evidence shows, for many years I went down and maintained my property weekly.

Until the Borough CLAIMED CONTROL over my property, Whereby, denying me access to my property.

When the Borough FRAUDULENTLY tried to sell my property on Sheriff sale for claimed back taxes. Which the Bucks County Court of Common Pleas.

DENIED SINCE UNDER PA. TITLE 53 MUNICIPAL RULES GENERAL,  SECTION 8813, VACANT PROPERTIES ARE TAX EXEMPT. ALONG WITH TITLE 72, COUNTY ASSESSMENT ACT, SECTION 205.

THEREFORE, the Borough is attempting to FRAUDULENTLY PROFIT from their own unlawful actions.

Third I was told by a Borough Secretary, that the Borough has claimed they sent me a notice. Which was sent to my Vacant property, which has NO MAIL SERVICE, OR EVEN A MAILBOX. WHICH IS VERY ILLEGAL. Especially since as evidence shows, I provided my mailing address to both Council Members and your Borough Manager.

Therefore, showing the Borough is attempting to conceal their fraudulent actions from me.

Fourth I have 4 buyers for my property, which is why I want it cleaned up to sell.

However, Do to the Borough's Fraudulent Actions. The Borough has been the one stopping me from selling it.

Therefore, what you are attempting, under Criminal codes it is called FRAUDULENT TRANSFER OF PROPERTY. Just like when the Borough tried to to sell it for fraudulent back taxes.

Please feel free to respond.

John Kliesh
Skeletonrider@aol.com

Sent from my Sprint Samsung Galaxy S9.

# EXHIBIT

# 3

**MARTE AND TOADVINE**
**BY: Allen W. Toadvine, Esquire**
**ATTORNEY I.D. #:  30893**
**344 S. Bellevue Ave.**
**Langhorne, PA  19047**
**(215) 757-0344**
**Email: toadvine@marteandtoadvine.com**

**ATTORNEY FOR: CONDEMNOR,**
**REDEVELOPMENT AUTHORITY**
**OF THE COUNTY OF BUCKS**

| | |
|---|---|
| IN RE: | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PA |
| CONDEMNATION OF LAND | : |
| IN MORRISVILLE BOROUGH, BUCKS | : |
| COUNTY, PENNSYLVANIA | : |
| LOCATED AT 22 DELAWARE AVENUE | : |
| | : EMINENT DOMAIN |
| Tax Map Parcel No. 24-010-074 and | : |
| | : |
| Owner:  JOHN C. KLIESH | : NO. 2019-06703 |

### PRAECIPE UNDER BUCKS COUNTY RULE OF CIVIL PROCEDURE 208.3(b)

TO THE PROTHONOTARY:

Please refer the above-captioned matter to the assigned judge for disposition.

Oral argument is ☐ is not ☒ requested.  (CHECK ONE)

Matter for disposition:

Objection of Owner John Kliesh to the Declaration of Taking.

MARTE AND TOADVINE

BY: _____
Allen W. Toadvine
Attorney for Condemnor, Redevelopment
Authority of the County of Bucks

**MARTE AND TOADVINE**
BY: Allen W. Toadvine, Esquire
ATTORNEY I.D. #:  30893
344 S. Bellevue Ave.
Langhorne, PA  19047
(215) 757-0344
Email: toadvine@marteandtoadvine.com

**ATTORNEY FOR: CONDEMNOR,
REDEVELOPMENT AUTHORITY
OF THE COUNTY OF BUCKS**

| | |
|---|---|
| IN RE: | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PA |
| CONDEMNATION OF LAND | : |
| IN MORRISVILLE BOROUGH, BUCKS | : |
| COUNTY, PENNSYLVANIA | : |
| LOCATED AT 22 DELAWARE AVENUE | : |
| | : EMINENT DOMAIN |
| Tax Map Parcel No. 24-010-074 and | : |
| | : |
| Owner:  JOHN C. KLIESH | : NO. 2019-06703 |

## ORDER

AND NOW, this            day of                          , 2019, upon

consideration of the Objection of Owner John Kliesh to the Declaration of Taking, it is hereby

ORDERED and DECREED that said Objection is OVERRULED.

BY THE COURT:

_____
                                                              J.

**MARTE AND TOADVINE**
BY: Allen W. Toadvine, Esquire
ATTORNEY I.D. #:  30893
344 S. Bellevue Ave.
Langhorne, PA  19047
(215) 757-0344
Email: toadvine@marteandtoadvine.com

**ATTORNEY FOR: CONDEMNOR,
REDEVELOPMENT AUTHORITY
OF THE COUNTY OF BUCKS**

| | | |
|---|---|---|
| IN RE: | : | COURT OF COMMON PLEAS |
| | : | BUCKS COUNTY, PA |
| CONDEMNATION OF LAND | : | |
| IN MORRISVILLE BOROUGH, BUCKS | : | |
| COUNTY, PENNSYLVANIA | : | |
| LOCATED AT 22 DELAWARE AVENUE | : | |
| | : | EMINENT DOMAIN |
| Tax Map Parcel No. 24-010-074 and | : | |
| | : | |
| Owner:  JOHN C. KLIESH | : | NO. 2019-06703 |

<u>**CONDEMNOR'S BRIEF IN OPPOSITION TO
OBJECTION OF OWNER, JOHN C. KLIESH,
TO THE DECLARATION OF TAKING**</u>

**I.      <u>HISTORY OF THE CASE</u>.**

On September 25, 2019, Condemnor, the Redevelopment Authority of the County of

Bucks ("Authority"), filed a Declaration of Taking, pursuant to which it condemned that

certain real property situate at and known as 22 Delaware Avenue, Morrisville Borough,

Bucks County, Pennsylvania, Tax Map Parcel Number 24-010-074 ("subject property").  At

the time of the taking, the title owner of the subject property was John C. Kliesh

("Condemnee"), who was duly served with notice of the filing of the Declaration of Taking

on October 2, 2019, via certified mail, return receipt requested.  The notice of the filing of the

Declaration of Taking was also served upon all mortgagees and lienholders of record.  On

October 16, 2019, Condemnee filed a document entitled "Objection of Owner John Kliesh to the Declaration of Taking".

## II.     HOW THE QUESTION IS RAISED.

This matter is before your Court for disposition of Condemnee's Objection to the Declaration of Taking pursuant to Bucks County Rule of Civil Procedure 208.3(b).

## III.    QUESTION INVOLVED.

Whether Condemnee's Objection to the Declaration of Taking must be overruled where preliminary objections to a declaration of taking are the exclusive method of challenging a condemnation and are limited to the grounds set forth in Section 306 of the Eminent Domain Code and the Objection filed by Condemnee fails to state any of those grounds.

## IV.    ARGUMENT.

Section 306 of the Eminent Domain Code, Act of May 4, 2006, P.L. 112, 26 Pa. C.S.A. § 101 *et seq.* ("Code"), sets forth the exclusive method of challenging a condemnation action.  *See* 26 Pa. C.S.A. § 306(a)(3).  A condemnee, by filing preliminary objections, may challenge only the following:

    (i)     The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated.

    (ii)    The sufficiency of the security.

    (iii)   The declaration of taking.

    (iv)   Any other procedure followed by the condemnor.

*Id.*  Section 306 further provides that preliminary objections are limited to the foregoing issues, must specifically state the grounds relied upon and must all be raised in one pleading. *See* 26 Pa. C.S.A. § 306(a)(3), (c), (d).  Further, the failure to raise any of aforesaid issues shall be deemed a waiver thereof.  *See* 26 Pa. C.S.A. § 306(b).

In the present action, Condemnee filed a 13-page document, complete with 17 exhibits, which is entitled "Objection of Owner John Kliesh to the Declaration of Taking". The first sentence of the documents reads as follows: "The Owner "Kliesh" hereby Objects to the taking of his Property known as 22 Delaware Avenue, Morrisville, Pa 19067." This is followed by a recital in which he offers to provide "(GOOD FAITH) information" to the Court and the Authority regarding the within condemnation, and then nine sections in which Condemnee makes the following claims:

A.      A fraudulent mortgage has prevented him from selling the subject property and Condemnee needs to file a quiet title action, for which he would like the assistance of the Authority.

B.      Morrisville Borough has claimed control over the subject property, ostensibly pursuant to an action filed by the Bucks County Tax Claim Bureau to sell the subject property at an upset tax sale.

C.      This Court and Morrisville Borough have conspired to commit federal crimes to defraud Condemnee, ostensibly by issuing violation notices and filing an action in magisterial district court regarding the subject property.

D.      Due to Morrisville Borough's fraudulent actions, Condemnee has been forced to file a criminal complaint with the Pennsylvania Department of Revenue against Morrisville Borough, the Morrisville School Board and Portnoff Law Firm.

E.      This Court has a personal vendetta against Condemnee due to a child support and custody case from 2003, in which the other party to the action conspired with the support officer to defraud Condemnee out of money, as a result of which Condemnee has been denied access to his son since 2003.

F.      This Court has forfeited jurisdiction of this case due to its "ongoing CRIMINAL HARRASSMENT" of Condemnee.

G.      The Declaration of Taking fails to apprise Condemnee as to the specific conditions of blight and, therefore, he cannot address them, although he acknowledges that there has been an abandoned boat on the subject property since 2007 and that Condemnee has

not cut the lawn at the subject property since 2014 because Morrisville Borough "Claimed Control" over the subject property at that time.

  H. The subject property was broken into by a neighbor, which generated a police report stating that the subject property had been vacant for approximately seven years.

  I. It is unlawful and in bad faith for the Authority to "Attempt to Claim OWNERSHIP of [Condemnee]'s property" because it did not file "a Proposed Offer" for the subject property prior to taking.

  While somewhat entertaining, all but sections G and I relate to the actions of parties other than the Authority and are completely unrelated to the within eminent domain action. With regard to section I, there is no requirement in the Code that requires the Authority to file or make a proposed offer to a condemnee prior to a taking and Condemnee cites no such requirement. Rather, Condemnee states in section I that he would "be more than HAPPY to sell [the Authority] his Property" after it assists him with a quiet title action.

  Section G purports to object to the form of the Declaration of Taking itself, stating, in relevant part, that the Declaration of Taking claims that the subject property is blighted, but does not "list any Conditions" and "[t]herefore, "Kliesh" is being DENIED any Conditions to address in this Case." Objection to Declaration of Taking, p. 9. Section 302 of the Code sets forth the required contents of a declaration of taking, including, *inter alia*, "[a] specific reference to the statute and section under which the condemnation is authorized." 26 Pa. C.S.A. § 302(b)(2). In the present action, the Authority's Declaration of Taking provides as follows:

>   4. The purpose of the condemnation is to acquire, hold, manage, clear, improve, develop, redevelop, and/or dispose of that certain real property described herein, and all improvements and personal property located thereon, together with the private rights to any streets located thereon, to eliminate the blighted conditions which exist on said property in furtherance of the powers granted to the Authority pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment Law, *supra*, 35 P.S. §1712.1.

Declaration of Taking, ¶ 4.  Thus, the Declaration of Taking fully complies with this requirement of the Code.  Section 302(b) does not require a detailed description of the blighted conditions which give rise to the Authority's power to condemn; rather, the reference to the statute and section under which the condemnation is authorized is intended to provide the condemnee with notice as to both the condemnor's power to condemn and the basis for such condemnation, in this case being the elimination of the blighted conditions on the subject property.

Section 12.1 of the Pennsylvania Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, as amended, 35 P.S. § 1701 *et seq.* ("URL"), referenced by the Authority in the Declaration of Taking, provides in pertinent part that, "[n]otwithstanding any other provision of this act, any Redevelopment Authority shall have the power to acquire by purchase, gift, bequest, eminent domain or otherwise, any blighted property as defined in this section . . . ." 35 P.S. § 1712.1(a).  Section 12.1 not only sets forth all the conditions which would constitute a blighted property (*see* 35 P.S. § 1712.1(c), as amended by 26 Pa. C.S.A. § 205), but also delineates an exacting procedure which must be followed in order to condemn a property that is blighted.  *See* 35 P.S. § 1712.1.  This procedure includes prior notice to the owner that the property in question has been determined to be blighted by the municipality, "together with an appropriate order to eliminate the conditions causing the blight and notification that failure to do so may render the property subject to condemnation under this act." 35 P.S. § 1712.1(e)(2).

In the present case, Condemnee does not aver that he didn't receive the required notice pursuant to Section 12.1 of the URL, which would have provided him with the list of the blighted conditions which he claims he is unable to address, nor does he aver that the subject property is not blighted or that the Authority, as condemnor, did not properly follow any other procedure.  However, Condemnee does aver that there has been an abandoned 30-foot boat on the subject property since 2007 and that he has not cut the lawn at the subject property since 2014, so he is clearly aware that the subject property is not being maintained.  *See* Objection to Declaration of Taking, p. 10.  The basis for Condemnee's objection in section G is that the Declaration of Taking did not list the blighted conditions specifically, which is not required to

be done under the Code.  Thus, Condemnee's objection to the form of the Declaration of Taking is without merit.

## V.     **CONCLUSION**.

For the foregoing reasons, Condemnor respectfully requests that this Court overrule Condemnee's Objection to the Declaration of Taking.

Respectfully submitted,

MARTE AND TOADVINE

BY:      _____
Allen W. Toadvine
Attorney for Condemnor, Redevelopment
Authority of the County of Bucks

**MARTE AND TOADVINE**
**BY: Allen W. Toadvine, Esquire**
**ATTORNEY I.D. #: 30893**
**344 S. Bellevue Ave.**
**Langhorne, PA 19047**
**(215) 757-0344**
**Email: toadvine@marteandtoadvine.com**

**ATTORNEY FOR: CONDEMNOR,**
**REDEVELOPMENT AUTHORITY**
**OF THE COUNTY OF BUCKS**

| | | |
|---|---|---|
| IN RE: | : | COURT OF COMMON PLEAS |
| | : | BUCKS COUNTY, PA |
| CONDEMNATION OF LAND | : | |
| IN MORRISVILLE BOROUGH, BUCKS | : | |
| COUNTY, PENNSYLVANIA | : | |
| LOCATED AT 22 DELAWARE AVENUE | : | |
| | : | EMINENT DOMAIN |
| Tax Map Parcel No. 24-010-074 and | : | |
| | : | |
| Owner:  JOHN C. KLIESH | : | NO. 2019-06703 |

### CERTIFICATE OF SERVICE

I, ALLEN W. TOADVINE, ESQUIRE, hereby certify that, on October 29, 2019, a true and correct copy of the foregoing Brief, together with Condemnor's Praecipe Under Bucks County Local Rule 208.3(b), was mailed by United States First Class Mail, postage prepaid, to the following:

John C. Kliesh
1 Ivy Lane
Yardley, PA 19067
Scott Mark Milone and Barbara Jo Milone
Condemnee

Bucks County Tax Claim Bureau
55 East Court Street
Doylestown, PA 18901
Lienholder

Morrisville Borough
35 Union Street
Morrisville, PA 19067
Lienholder


Morrisville School District
550 West Palmer Street
Morrisville, PA 19067
Lienholder


Manufacturers and Traders Trust Company
c/o Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT  84115
Mortgagee


Allen W. Toadvine
Attorney for Condemnor, Redevelopment
Authority of the County of Bucks

# EXHIBIT

# 4

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL ACTION- LAW**

|  |  |  |
|---|---|---|
| IN RE: | : | DOCKET NO. 2019-06703 |
|  | : |  |
| CONDEMNATION OF LAND IN | : |  |
| MORRISVILLE BOROUGH, BUCKS | : |  |
| COUNTY, PENNSYLVANIA | : |  |
| LOCATED AT 22 DELAWARE | : |  |
| AVENUE | : |  |
|  | : |  |
| TAX MAP PARCEL NO. 24-010-074 | : |  |
|  | : |  |
| OWNER: JOHN KLIESH | : |  |

**OWNER, JOHN KLIESH'S MOTION OF RECONSIDERATION OF JUDGE Mc HUGH'S ORDER DATED JANUARY 10TH , 2020**

The Owner, John Kliesh respectfully requests Judge Mc Hugh to reconsider his Order,

for the following reasons.

**(1).**   First Judge Mc Hugh has NEVER sent ( KLIESH) any copy of his Order. In fact

( Kliesh) found out about the claimed Order as shown in (EXHIBIT 1) by a letter sent to

him by Mr.Toadvine ( Council for the Redevelopment Authority). Which is dated

( JANUARY 24TH, 2020) AND RECEIVED ON JANUARY 27TH, 2020. Therefore,

attempting to UNLAWFULLY DENY (KLIESH) his rights to file a MOTION OF

RECONSIDERATION and APPEAL in the time limits REQUIRED BY LAW.

Whereby, showing BIAS against (KLIESH) by attempting to CONCEAL his Order.

Which then is evidence that the BUCKS COUNTY OF COMMON PLEAS is Continuing

It's UNLAWFUL HARRASSMENT of (KLIESH), which he has already raised in his

pleadings. And is filing charges in the FEDERAL GRAND JURY COURT, under the

1.

Federal Legislative Accountability Act. Which time under that Act ( NO JUDGE HAS IMMUNITY FROM CHARGES).

**(2).** Second as shown in (KLIESH'S) OBJECTION OF OWNER JOHN KLIESH TO THE DECLARATION OF TAKING. Kliesh raised that the (Council for the Redevelopment Authority) **FAILED TO RAISE ANY CLAIM AGAINST Kliesh's Property.**

As shown on page 4 of his CONDEMNOR'S BRIEF IN OPPOSITION, Mr. Toadvine claimed that he was NOT required to list any Conditions of BLIGHTED CONDITIONS. Which he supported with a claim to (26 Pa.C.S.A. ss 302(b)(2).

However, as shown in ( 26 Pa.C.S.A. ss 302(b)(4), which reads as follows:

**26 Pa. C.S.A. ss 302(b)(4)**

**(4)   A brief description of the purpose of the condemnation.**

Therefore, the ( PLAINTIFF) redevelopment Authority of Bucks County has **FAILED** to Comply with there **BURDEN OF PROOF,** Required under Pennsylvania Title 42 ss 8354.

**Pa. 42, ss 8354 (4) Burden of Proof**
**The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.**

Therefore, the Plaintiff ( Redevelopment Authority of Bucks County) has Committed a **WRONGFUL USE OF CIVIL PROCEEDURES UNDER TITLE 42 OF PENNSYLVANIA LAW.**

**(3).**   Third the sole intention of this ACTION being taken against (KLIESH) and his property, is to HARRASS him as shown by this Court and the PLAINTIFF'S Council.

2.

4/5/6

Now under Pennsylvania Title 26 the Plaintiff ( Redevelopment Authority of Bucks

County) is permitted to acquire properties by way of **PURCHASING THEM.**

Which (KLIESH) offered in his Brief of OBJECTION, and the Council for the

PLAINTIFF ADMITTED in his BRIEF IN OPPOSITION.

Therefore, it is very clear that **HARRASSMENT** is the Sole intention of this case

against (KLIESH).

Now this Court has COMPOUNDED the HARRASSMENT, since this court could have

made the following  RULING.

> Possible Ruling:
> ( THIS COURT COULD HAVE DISSMISED THE EMINENT DOMAIN CASE
> AND ORDER THE PLAINTIFF ( REDEVELOPMENT AUTHORITY) TO WORK
> WITH (KLIESH) TO PURCHASE HIS PROPERTY.)

ADDITIONALLY IT HAS BEEN DISCOVERED THAT THE BOROUGH MANAGER
OF THE BOROUGH OF MORRISVILLE IS A FORMER EMPLOYEE OF THE
REDEVELOPMENT AUTHORITY OF BUCKS COUNTY.

**(4).**   Fourth the Council for the Plaintiff ( Redevelopment Authority) has claimed that

(KLIESH) Admitted Guilt. By claiming (KLIESH'S) **GOOD FAITH** statements

regarding his Lawn and a abandoned boat in his yard. Which he ADMITTED in his

BRIEF IN OPPOSITION. Which this Court has clearly accepted.

Therefore, both this Court and Plaintiff's Council has VIOLATED LAW UNDER

PENNSYLVANIA TITLE 42.

Because under Pennsylvania Title 42 ss 8725, **GOOD FAITH STATEMENTS ARE**

**CONFIDENTIAL AND CAN'T BE CLAIMED AS EVIDENCE OF GUILT.**

**Pa. 42, ss 8725 (b) ( c )**

**( b)  Any person who discloses any confidential information obtained under**
**3.**

This subchapter other than as provided in section 8724 or otherwise
**AUTHORIZED BY LAW** shall be liable to any person damaged thereby
in an action for invasion of privacy for the following:
  (1)  Treble the actual damages proved
  (2)  Reasonable attorney fees.

( c )  Good faith reliance on a court order ( Good faith reliance on a court
         Order entered under this subchapter shall be a complete defence to
         Any criminal liability under subsection (a) or civil liability under
         subsection (b).

Additionally it is an ACT of MISCONDUCT under Pennsylvania Rules of Conduct for

Lawyers, for a lawyer to claim GOOD FAITH STATEMENT AS ADMITTING GUILT.

Which Judge Mc Hugh should know since he was a lawyer in Doylestown Pa.

Therefore, both this Court and the Plaintiff's Council has UNLAWFULLY claimed,

(KLIESH'S) Good Faith as admitting Guilt.

**(5).**  Fifth the Plaintiff's Council claimed on page 5 of his BRIEF IN OPPOSITION, that

(KLIESH) failed to raise that he has NEVER RECEIVED the required NOTICE by Law.

Which was REQUIRED to be sent by the Borough of Morrisville. Which the Plaintiff's

Council is REQUIRED under **35 P.S. ss 1712.1.**

However, (Kliesh) has in fact RAISED the FACT that he has NOT RECEIVED any

NOTICE from the Borough of Morrisville or the REDEVELOPMENT AUTHORITY.

Now as shown in (KLIESH'S) OBJECTION OF OWNER JOHN KLIESH TO THE

DECLARATION OF TAKING ( EXHIBIT 14). This court will find ( E-MAILS FROM

KLIESH AND THE COUNCIL MEMBERS OF THE BOROUGH OF MORRISVILLE.)

Which (Kliesh) has attached to this Motion of Reconsideration as ( EXHIBIT 2), showing

that (KLIESH) has NEVER RECEIVED the LEGAL NOTICE REQUIRED.

4.

476

First (Kliesh) E-mailed Borough Council Members ( MIKE YAGER), ( CORRYN KRONNAGEL) and (DEBBIE SMITH). Which time (KLIESH) raised to them that the Borough of Morrisville has in fact FAILED TO SEND (KLIESH) the REQUIRED NOTICE BY LAW.

Therefore, (KLIESH) has in fact RAISED that he has NOT RECEIVED THE LEGAL NOTICE. Which the PLAINTIFF'S COUNCIL has claimed is REQUIRED under **35 P.S. 1712.1.**

**Since as show under Pennsylvania Title 42 that a litigant can raise Subject Matter by way of ( STATEMENT or DOCUMENTS), which the Commonwealth Court has raised and enforced.**

**(6).**   Next as shown by this Courts Order on this case, it shows that it was dated JANUARY 10th , 2020. However, as shown by the Plaintiff's ( PRAECIPE UNDER BUCKS COUNTY RULE OF CIVIL PROCEDURE 208.3(B), WHICH WAS FILED ON OCTOBER 29TH 2019.

Now since Bucks County Rule of Civil Procedure 208.3(b) **REQUIRED JUDGE Mc HUGH TO FILE HIS ORDER WITHIN 30 DAYS, from the date the Praecipe was filed.**

**See BUCKS COUNTY RULE OF CIVIL PROCEDURE 208.3(B)(6)**
    **( Unless oral argument has been requested by the moving party in the praecipe,**
    **Or by any other party within the 10 day period specified in subsection (2)**
    **Hereof , the matter shall be disposed of by written order, forthwith or**
    **After such further proceedings including oral argument as may be required**
    **By the court. If oral argument has been requested by a party or otherwise**
    **Required by the court, the court may schedule the case for argument either**
    **By telephone conference, argument in chambers or in open court within thirty**
    **(30) days of the filing of the praecipe. Disposition of the matter shall then**
    **proceed pursuant to the provisions of Bucks County Rule of Civil Procedure**
    **5.**

**210(a) and (b), the court fixing the time and order of filing of briefs.**
**Argument before an en banc panel shall be at the sole discretion of the court.**

Therefore, Judge Mc Hugh has filed an UNTIMELY ORDER since he was REQUIRED

to file his Order no later then November 28th 2019. The Order filed was 73 days after the

Praecipe was filed, whereby, rendering it LEGALLY UNTIMELY FILED. Which was

Compounded when Judge Mc Hugh REFUSED to send his Order to (KLIESH).


## CONCLUSION

Therefore, the OWNER, JOHN KLIESH respectfully requests JUDGE Mc HUGH to

amend his ORDER to the reflect the Following:

( THE EMINENT DOMAIN CASE IS DISMISSED AND THE PLAINTIFF (
REDEVELOPMENT AUTHORITY IS ORDERED TO WORK WITH (KLIESH) TO
PURCHASE HIS PROPERTY WITHOUT THE INVOLVEMENT OF Mr. TOADVINE.)

Now should this Court DENY (KLIESH'S) request it will be indisputable EVIDENCE

that this COURT'S SOLE INTENTION is HARRASS (KLIESH) and violate his

Constitutional Rights.


Submitted By:

JOHN KLIESH
1 Ivy Lane
Yardley, Pa. 19067
215-431-9642
OWNER, PRO SE

6.

496

# EXHIBIT

# 1

_Toalverse_
_1·10·20_

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

IN RE:              :

                      :        No. 2019-06703

CONDEMNATION OF LAND IN    :
MORRISVILLE BOROUGH, BUCKS  :
COUNTY, PENNSYLVANIA       :
LOCATED AT 22 DELAWARE AVENUE :

                      :

Tax Map Parcel No. 24-010-074 and :

                      :

Owner: JOHN C. KLIESH       :

Case #: 2019-06703-0009   12505996
Main (Public)
Code: 144    Judge:38
Rcpt:22280420  1/15/2020 11:58:31 AM

## ORDER

    *AND NOW*, this **10th** day of January, 2020, upon consideration of the 'Objection of Owner John Kliesh to the Declaration of Taking' and Plaintiff's Response thereto, it is hereby **ORDERED** and **DECREED** those Objections are **OVERRULED**.

    Owner, John Kliesh, is directed to file an Answer to Plaintiff's Complaint within twenty (20) days of service of this Order.

                             BY THE COURT:

                             _Raymond F McHugh_
                        RAYMOND F. MCHUGH, J.

N.B. it is your responsibility
to notify all interested parties
of the above action.

THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236.

57b

## MARTE and TOADVINE

ATTORNEYS AT LAW
344 SOUTH BELLEVUE AVENUE
LANGHORNE, PENNSYLVANIA 19047

CHARLES O. MARTE, JR.
ALLEN W. TOADVINE
TRACY L. CASSEL-BROPHY *
tcassel-brophy@marteandtoadvine.com

Phone: 215-757-0344

FAX: 215-757-3048

*Also Admitted in New Jersey

January 24, 2020

Mr. John C. Kliesh
1 Ivy Lane
Yardley, PA  19067

Bucks County Tax Claim Bureau
55 East Court Street
Doylestown, PA  18901

Morrisville Borough
35 Union Street
Morrisville, PA  19067

Morrisville School District
550 West Palmer Street
Morrisville, PA  19067

Manufacturers and Traders Trust Company
c/o Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT  84115

**Re:**   **In Re:  Condemnation of Land in Morrisville Borough, Bucks
County, Pennsylvania Located at 22 Delaware Avenue
Tax Map Parcel No., 24-010-074
Docket No. 2019-06703**

Dear Sir/Madam:

Enclosed please find a true and correct copy of the Order entered by Judge McHugh on January 10, 2020, overruling the Objection of Owner John Kliesh to the Declaration of Taking with regard to the above-captioned matter.

Please be governed accordingly.

Very truly yours,

Tracy L. Cassel-Brophy

TLC-B/kz
enclosures
cc:      Redevelopment Authority of the County of Bucks (w/encl.)

52b

# EXHIBIT

# 2

Debbie Smith

My Name is John Kliesh, the owner of the above listed property.
Now you can choose to disregard this email, which would be a very big mistake.

Now the Term ( you) in this email means the ( Borough).

Now I have found out on Facebook, that you are attempting another Illegal action. Against
both my property and myself.
Which under the Criminal Codes is called a FRAUDULENT TRANSFER OF PROPERTY.

NOW as Court Recorts show you have elected to start a war with me. So you could
financially profit from it. ( AKA MOTIVE, MONEY)
WHICH YOU HAVE BEEN LOOSING.

As Court Records show First you filed charges against me to collect FRAUDULENT TRASH
FEES. Which ended with a Judge drafting a VOID ORDER.
Since that Judge ( Mc Masters) was Not assigned to the case. And by law only the assigned
Judge can file an Order on the case.

Second you then tried 2 times to sell my property, by way of Sheriff Sale. By FRAUDULENTLY
Claiming Back Taxes.
When my property is Tax Exempt, under Pa. Title 53 Municipal Rules General , section 8813
and Pa. Title 72 County Tax Assessment act, section 205.
Which the Bucks County Court of Common Pleas DENIED. Since your claims where
Fraudulent.
Which time over the almost 5 years that you tried to illegally sell my property. As you
ADMITTED in Court Records. You Denied me access to my property, to maintain it. When you
claimed Control over it, which time you refused to maintain it.

Now presently you are Illegally attempting to claim my property is Blighted. Due to your own
actions, which in Criminal Codes is called ENTRAPMENT. Since you are claiming Damages
you caused.
HOW WELL DO YOU THINK YOUR ACTIONS WILL GO OVER IN FRONT OF A JURY.

Now what you should do is clean up my yard to the way it was, when you first claimed control
over it. Which time then could return to maintaining my property weekly, as I was doing prior.
Which then would END THE CLAIMED BLIGHTED PROPERTY CLAIM.
Should you elect to take Responsibility for your actions. You can email me, to set up a day or
two for me to give you access to my property. To clean it up only.
By the way the notice you claimed to have sent me, was ILLEGAL.
Since it was to be sent to me at my last known legal address. Which I provided to both
Council Members, Borough Manager and you lawyer has.
Instead you sent it to a VACANT Property with no mail service or mail box.

Now I hope we can end this Blighted Property problem Nicely.
So please respond to my email with your thought.

54b

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

Debbie Smith

Thank you for responding.

I have already attempted contacting the Borough Manager. And thus far he has refused to contact me back.

Which is the reason why you and others on the Council had to be contacted.

Since he works for the Council and the Council works for the Residents.

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

Debbie Smith

As you stated in your email, that I should contact the Borough Administration.
I have in fact tried to contact your Borough Manager 3 times now about this problem. And all
3 times I was told ( he is not in today), which time he has REFUSED to contact me Back.

John Kliesh


Sent from my Sprint Samsung Galaxy S9.

Well it's been 3 weeks trying to talk to your Borough Manager, and he still refuses to call me back or talk to me.

Sent from my Sprint Samsung Galaxy S9.

58 h

Mr. Kliesh,

Thank you for taking the time to reach out to me today. I'm sorry to hear about your physical ailments, but glad to hear steps are being taken to clean up the property to position it for sale. A lot goes into the decision to blight a property, but there is an event horizon to stopping any potential action from the borough.

I have copied both the borough and zoning officer on my response because they are going to be your best resource for moving forward, no matter how you decide to.

Best regards,

Mike Yager

Mike Yager
Borough Council, 4th Ward
(215) 570-4575

From: skeletonrider <skeletonrider@aol.com>
Sent: Tuesday, August 13, 2019 12:19 PM
To: myagermb@outlook.com
Subject: Re: 22 Delaware Ave

Mike Yager
My name is John Kliesh and I own the above listed property.
Now I just found out on Facebook that the Borough, is making a nother unlawful attempt on my property.

First I would like to inform you that I have already started to clean up the property. Which has been interrupted, do to multiple cancer surgeries, which I have one more surgery to go through to close a 5 inch hole in my back, in September.

Second you do realize that as shown in Court Records. The Borough has in fact ADMITTED THAT THEY ARE THE REASON FOR THE LACK OF UP KEEP ON MY PROPERTY. Now as evidence shows, for many years I went down and maintained my property weekly.

59b

Until the Borough CLAIMED CONTROL over my property, Whereby, denying me access to my property.

When the Borough FRAUDULENTLY tried to sell my property on Sheriff sale for claimed back taxes. Which the Bucks County Court of Common Pleas.

DENIED SINCE UNDER PA. TITLE 53 MUNICIPAL RULES GENERAL, SECTION 8813, VACANT PROPERTIES ARE TAX EXEMPT. ALONG WITH TITLE 72, COUNTY ASSESSMENT ACT, SECTION 205.

THEREFORE, the Borough is attempting to FRAUDULENTLY PROFIT from their own unlawful actions.

Third I was told by a Borough Secretary, that the Borough has claimed they sent me a notice. Which was sent to my Vacant property, which has NO MAIL SERVICE, OR EVEN A MAILBOX. WHICH IS VERY ILLEGAL. Especially since as evidence shows, I provided my mailing address to both Council Members and your Borough Manager.

Therefore, showing the Borough is attempting to conceal their fraudulent actions from me.

Fourth I have 4 buyers for my property, which is why I want it cleaned up to sell. However, Do to the Borough's Fraudulent Actions. The Borough has been the one stopping me from selling it.

Therefore, what you are attempting, under Criminal codes it is called FRAUDULENT TRANSFER OF PROPERTY. Just like when the Borough tried to to sell it for fraudulent back taxes.

Please feel free to respond.

John Kliesh
Skeletonrider@aol.com

Sent from my Sprint Samsung Galaxy S9.

Corryn Kronnagel,

My name is John Kliesh and I own the above property. Which the Borough is attempting to claim as Blighted, which the Borough has Caused. Which is shown in Court Records. Now since you are a lawyer, you know court records are evidence.

Which also means you are an Officer of the Court First and Council person Second.

Now as for the claim against my property, which is a very big legal error on the Borough's part.

Now as court records show, the Borough has tried to sell my property.

Two times ILLEGALLY on Sheriff sale, which the Courts have DENIED.

Both times, since my property is Tax Exempt. See Pa. Title 53 Municipal Rules General, section 8813 and Pa. Title 72 County Assessment Act, section 205.

Then as Court Records show the Borough ADMITTED, that they Denied me access to my property for almost 5 years. Which time the Borough refused to maintain my property, when they claimed CONTROL OVER IT.

Now the Borough is trying to use Damages they Caused to justify a claim.

Which time I found out about this Blighted Property claim on FACEBOOK.

Since the Borough claims they sent a Notice to a Known Vacant Property with no mail service or even a mailbox.

When the law requires the Notice to be sent to my last known legal address.

Which I provided to Council members, Borough Manager and the Borough's Lawyer has.

Which tells me the Borough is attempting to conceal their actions from me.

Now the HONEST way to to handle this problem. Would for the Borough to Offer to clean up my Lawn, to the way I was maintaining it prior to the Borough's unlawful tax claims and claiming Control.

Hopefully this Blighted property claim can be handled Nicely.

Now I think you Realize, I know the Laws very very well. Which has cost many Lawyers their License and even cost one Judge his bench, which I presently has 2 more Judges in the process of being removed.

Please email me back with your thoughts.

John Kliesh

Sent from my Sprint Samsung Galaxy S9.

6/6

## PROOF OF SERVICE

The Owner, John Kliesh certifies that on the date of January 31, 2020 a true copy of this document entitled " Owner John Kliesh Motion of Reconsideration of Judge Mc Hugh's Order dated January 10th 2020. Which was sent to the Plaintiff, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY'S Council of record listed below, sent out via prepaid first class certified mail.

Marte and Toadvine
Allen W. Toadvine, Esq.
Attorney I.D. # 30893
344 S. Bellevue Ave.
Langhorne, Pa. 19047
(215) 757-0344

( Council for Plaintiff)

By : _____
John Kliesh
1 Ivy Lane
Yardley, Pa.
(215) 431-9642
Owner Pro Se

626

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the provisions of the public access policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non- confidential information and documents.

Submitted by: <u>Owner Pro Se</u>

Signature

Name:        John Kliesh

63b

# EXHIBIT

# 5



November 23, 2020

*SENT VIA CERTIFIED MAIL,*
*RETURN RECEIPT REQUESTED*
*AND FIRST CLASS MAIL*

Mr. John C. Kliesh
1 Ivy Lane
Yardley, PA 19067

Re:    *Condemnation – 22 Delaware Avenue, Morrisville, PA 19067*
       *Tax Map Parcel No. 24-010-074*

Dear Mr. Kliesh:

Pursuant to Section 307(a) of the Eminent Domain Code, 26 Pa. C.S.A. § 307(a), the Redevelopment Authority of the County of Bucks hereby offers to pay the amount of $35,000.00 as estimated just compensation for the condemnation of that certain real property situate at and known as 22 Delaware Avenue, Morrisville, PA 19067, Tax Map Parcel No. 24-010-074. The amount of the estimated just compensation is based upon the appraised value of the real estate at the time of condemnation.

If you accept the within offer, the estimated just compensation will be paid out in order of priority to any lienholders and mortgagees of record with the remaining balance, if any, being tendered to you, as condemnee. This payment of estimated just compensation is without prejudice to your right to proceed to a final determination of just compensation.

Very truly yours,

Allen W. Toadvine

AWT/eg
cc:    Redevelopment Authority of the County of Bucks

# EXHIBIT

# 6

*JOHN KLIESH*
*1 IVY LANE*
*YARDLEY, PA. 19067*
*215-431-9642*

Mr. Allen Toaedvine                                    Date  November 30, 2020
680 Middletown Boulevard
Langhorne, Pa. 19047

RE: **Condemnation - 22 Delaware Ave. Morrisville, Pa. 19067**
     **Tax Map Parcel No. 24-010-074**

**Mr. Toadvine:**

This letter is to formally ( REJECT) the claimed offer of $35,000.00 for the following reasons.

First the President Judge ( Leavitt) has reported that she has not authorized the UNSIGNED ORDER dated November 23, 2020. And now wants to know which clerk is superseding her authority, since she is the only that is permitted to file an Order on the case .

Second you should review the Statew Laws, You can NOT LEGALLY take any actions on my property until ALL APPEAL ARE EXHAUSTED.
Now since I am presently drafting the APPEAL NOTICE to the STATE SUPREME COURT, and if required to the United States Supreme Court. Which is a normal habit of mine. So you see this case in NO WAY DONE YET. You see I'm just getting started, for me this is a matter of Collecting Evidence.
You should have learned about who I am and what I do.

Third you claimed in your letter that you had my property ( Appraised) , which is a FRAUDULENT CLAIM.
Now first I've inspected the property, and the people I have watching the property stated NO ONE has inspected the property.
Second I've had the property Appraised 3 times in the past, and each time the Appraiser has stated that they can not legally appraise a property without going in to the property.
Now since I have NOT LEGALLY PERMITTED you to Legally Appraise the Property. Therefore, your claimed Appraised amount in is FRAUDULENT.

Next I have Contracts from Company (s), who wish to purchase the property showing the MARKET VALUE of the property is $ 70,000.00.
Now as raised in the Court records the REDEVELOPMENT AUTHORITY is REQUIRED by Law to pay a FAIR MARKET VALUE for the Property,
Not an Claimed (Appraised Value).

Now I would like you to respond by telling me who your claiming Appraised my property Illegally. I would also like you to send me a copy of your claimed Appraisal.

Cause since you have claimed that you had my property Illegally Appraised, you are then ADMITTING. That you Illegally Trespassed on my property and Broke into my property which is a Felony Crime, whereby requiring me to report the Crimes your ADMITTING to. Since I never Authorized You to have my property Appraised.

Next you claimed that you are going to send a Company who you are claiming is a Lender the money for my property. When that Company has already sent out letters stating they do NOT want any to do with my Property.
Which means that you will be doing a CRIMINAL ACT of FRAUDULENT TRANSFFER OF PROPERTY.

Now the Quite Title ACTION is already being started, which I intend to use against you personally. You should really review the FEDERAL REINSTATEMENT ACT, Which out lines that a ( LAWYER) can be charged with the FRAUD being Committed by their Client.

Now the Quite Title Action is going to be very easy and fast. Since first the claimed Mortgage Contract was signed by a Settlement Agent, in the following Claiming to be ( AGENT FOR THE LENDER, SETTLEMENT AGENT, NOTORY and Whiteness) . Rendering the Contract FRAUDULENT, additionally the Contract hold 3 different amounts Borrowed, showing $11,000.00 Illegally added to the Mortgage.
Then you have the 30 year Conventional Documents altered to ready for a 15 year Balloon with no Rider listed.

And that is just for starters, next there is the BROKEN TITLE. Since as their claimed Assignment Documents Show. First the claimed Lender that they claimed a Bank that has NEVER owned the Mortgage GIFTED them the Mortgage.
Noting that they used a PASS- THROUGH CERTIFCATE Number from FANNEY MAY. Along with failing to comply with ASSIGNMENT DOCUMENT LAWS.
Noting that the claimed ASSIGNMENT DOCUMENT are dated 5 years after the claimed Original Lender ( CONTI) was shut down by the FEDERAL TRADE COMMISSION for PREDATORY LENDING.

Now you see I would suggest that you STOP YOUR BULLING TATICS, all you are

doing is digging yourself deeper in the hole.

Now if you think I'm joking about turning you and the Redevelopment Authority and the Borough over the Federal Authorities. You go ahead think that, if you think you're my first Corrupt Lawyer or Governmental agency I've handled your wrong. You see there is a reason why Federal Court Judge M. Baylson called the Federal Marshals Complaining that he was afraid of me. Along with other judges and lawyers Complaining about me.

You should have done your homework on what I can do.

For me this case is being used to collect Evidence along with my property.

So if you wish to continue to play.

Since you ADMITTED to so much in your Briefs.

Just so you know an HONEST Lawyer would have withdrew the case, and their Client would owned the property by now. Therefore, this case is Evidence of your Corruption.

I would Strongly Suggest you have your client contact me if they want to purchase the property for $70,000.00.

John Kliesh

CC:

Federal Public Corruption Department
File
Redevelopment Authority of Bucks County

# EXHIBIT

# 7

**Manager's Monthly Report**
**December 2020**

Prepared by:   Keystone Municipal Services, Inc.
                       January 6, 2021

**Permits:**

Please see the attached spreadsheet.

**Other Action Items:**

- Stockham Building Update:
  The Stockham Building blight process has started. Both the Planning Commission and Vacant Property Committee Blight Resolutions were approved, and the Blight Report has been started. No change in status.

- Blighted Properties Update:
  Vacant Property Committee met on October 14, 2020, at 6 PM. The Blighted Property Review Committee Resolution for 10 E. Bridge St. (Stockham Building) was approved.

  a. 22 Delaware Ave. – The property has been sold to Nita Patel. No permits have been applied for at this time.
  b. 179 N. Delmorr Ave. – The property is being cleaned-up, and the Borough has issued limited permits to start the renovation. No change in status.
  c. 29 N. Lafayette Ave. has been added to the list, and the blight process is starting. No change in status.
  d. 10 E. Bridge St. (Stockham Building) has been added to the list, and the blight process is starting. No change in status.

  If any of these property owners do not follow through on their proposed plans, the Bucks County Redevelopment Authority will be continuing the eminent domain process.

- 21 Locks Brew Pub:
  No change in status.

- David's Distillery:
  No change in status.

- The Planning Commission held their regular meeting via Zoom on December 14, 2020, at 7 PM. The public hearing on the Comprehensive Plan was held and the Planning Commission voted to recommend sending it on to Borough Council. There will not be a Planning Commission meeting in January 2021 due to a lack of agenda items.

- At the Zoning Hearing Board Meeting on October 5, 2020, the following applications were heard:

  1. New Horizons Property Management, 250 N. Pennsylvania Avenue –
     New Horizons Property Management filed an appeal of the ZHB decision on December 7, 2020 with the Bucks County Court of Common Pleas.

2. Jean Augustin, 874 N. Pennsylvania Ave. (the Party House) –
   Jean Augustin's attorney filed an appeal of the ZHB decision on December 21, 2020 with the
   Bucks County Court of Common Pleas.

- At the Zoning Hearing Board Meeting on January 4, 2021, the following application was heard:

  The Borough received an application from the new owners of the former Shell station at 907 West
  Trenton Avenue to rebrand it to a Sunoco station. The application for everything except the digital sign
  is approved. The Morrisville ZHB approved a variance to allow a digital sign in the C-2 Shopping
  Center Zoning District.

- On December 19, 2020, the property at 831 Crown Street was deemed Unfit for Human Occupancy by
  the Building Code Official. The property is in foreclosure. Clean-up has been started for numerous
  International Property Maintenance Code violations and to address the issues of habitability. The elderly
  owner is still living there.

- The Building Permit for 43-45 Park Avenue has been issued.

- The problem property located at 44 Green Street has been sold.

- Harland Properties - Ohio Ave. Parcel:
  The fence along the Ohio Ave. frontage is still in disrepair. The Borough issued a citation on July 16,
  2020, and the hearing was on August 13, 2020, Mr. Harris did not show up, was found guilty, and fined
  $1,000. A second citation was issued on December 7, 2020 for the period from when he paid the fine on
  October 10, 2020 to December 7, 2020. A new court date has been scheduled for March 10, 2021 at
  10:15 AM.

- The Building Permit for Bitchin' Kitten Brewery for a brewpub to be located in the Renaissance Plaza at
  58-B East Bridge Street has been issued. The target date for opening is July 2021.

- Three additional non-traffic citations for the Nebula Hookah Lounge were filed with the District Justice
  on December 4, 2020 and December 7, 2020; two for loud music and noise violations and one for
  overcrowding. We have received 10 Police Reports concerning this matter from October 31, 2020 to
  December 6, 2020. The court date has been scheduled for February 1, 2021 at 3:15 PM.

# EXHIBIT

# 8

# COMMONWEALTH OF PENNSYLVANIA



## CONSTITUTIONAL OATH OF OFFICE



COMMONWEALTH OF PENNSYLVANIA )

)   SS:

County of __Bucks__ )

Case #: 2016-30008  B09  11110861

Code: 5093        Judge:
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: Z1449913  1/4/2016 8:20:29 AM

     I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.

_____
SIGNATURE OF OFFICER

Raymond F. McHugh
_____
NAME OF OFFICER

Judge of the Court of Common Pleas Bucks County
_____
OFFICER TITLE

Taken, sworn and subscribed before me this __4th__ day of __January__ A.D. 20 __16__ .

_____
Signature of Person Administering Oath

(Seal)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTE:  The foregoing oath shall be administered by some person authorized to administer oaths.

The oaths of STATE OFFICERS, JUSTICES OF THE SUPREME COURT and JUDGES OF THE SUPERIOR AND COMMONWEALTH COURTS shall be filed in the office of the Secretary of the Commonwealth.

The oaths of other judicial and county officers shall be filed with the Prothonotary of the county in which the oath is taken.

DSCB-70

**BUCKS COUNTY RECORDER OF DEEDS**
55 East Court Street
Doylestown, Pennsylvania  18901
(215) 348-6209

Instrument Number - 2016001228
Recorded On 1/8/2016 At 7:45:52 AM                         * Total Pages - 2
* Instrument Type - ELECTED OFFICIAL COMMISSION AND BOND
Invoice Number - 773267              User -  SMC
* Grantor - MCHUGH, RAYMOND F
* Grantee - PENNA COMWTH
* Customer - COURT ADMINISTRATIVE
* FEES
RECORDING FEES                $5.50
TOTAL PAID                    $5.50

This is a certification page

DO NOT DETACH

This page is now part
of this legal document.

RETURN DOCUMENT TO:
COURT ADMINISTRATIVE

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.

Joseph J. Szafran, Jr.
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

# EXHIBIT

# 9

**Case #2019-06703**

| | |
|---|---|
| Case Number | 2019-06703 |
| Matter Code | |
| Commencement Date | 9/25/2019 8:44:32 AM |
| Case Type | DECLARATION OF TAKING |
| PFA Number | |
| Caption Plaintiff | REDEVELOPMENT AUTHORITY OF BUCKS COUNTY |
| Caption Defendant | KLIESH, JOHN C |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | RAYMOND F. MCHUGH |
| Parcel Number | |
| Remarks | DECLARATION OF TAKING REAL PROPERTY EMINENT DOMAIN/CONDEMNATION |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| REDEVELOPMENT AUTHORITY OF BUCKS COUNTY | 216 POND STREET BRISTOL, PA 19007 UNITED STATES | Toadvine, Allen Walter | Yes | 1 | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| KLIESH, JOHN C | UNKNOWN , UNITED STATES | | Yes | 1 | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 9/25/2019 8:44:32 AM | | DECLARATION OF TAKING REAL PROPERTY EMINENT DOMAIN/CONDEMNATION | No | 12407744 |
| 1 | 9/25/2019 9:26:13 AM | | MEMORANDUM OF RECORDING FILED. DECLARATION OF TAKING FILED IN D.B.NO. 2019053369 P. | No | 12407829 |
| 2 | 9/25/2019 9:30:40 AM | | APPEARANCE OF ALLEN W TOADVINE ESQ., ENTERED FOR PLTF | No | 12407830 |
| 3 | 10/10/2019 12:35:57 PM | E | AFFIDAVIT OF POSTING OF DECLARATION OF TAKING | No | 12422576 |
| 4 | 10/16/2019 10:55:13 AM | | OBJECTIONS OF OWNER JOHN KLIESH TO THE DECLARATION OF TAKING | No | 12427272 |
| 5 | 10/16/2019 10:55:48 AM | | PROOF OF SERVICE | No | 12427273 |
| 6 | 10/29/2019 12:01:07 PM | E | MEMORANDUM OF LAW/BRIEF IN OPPOSITION TO OBJECTION OF OWNER JOHN C KLIESH TO THE DECLARATION OF TAKING BY CONDEMNOR REDEVELOPMENT AUTHORITY OF COUNTY OF BUCKS . WITH SERVICE ON 10/29/2019. | No | 12440734 |
| 7 | 10/30/2019 11:20:08 AM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B), BY CONDEMNOR REDEVELOPMENT AUTHORITY OF THE COUNTY OF BUCKS WITH SERVICE ON 10/29/2019. WITH SERVICE ON 10/29/2019. | No | 12441764 |
| 8 | 11/13/2019 7:36:31 AM | | FILE SENT TO JUDGE MCHUGH PURSUANT TO RULE 208.3(B) PRAECIPE. FILED 10/30/19 | No | 12453133 |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 9 | 1/15/2020 11:56:31 AM | ORDER ENTERED BY JUDGE MCHUGH ON JAN 10 2020. OBJECTIONS ARE OVERRULED THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236. | No | 12505998 |
| 10 | 1/30/2020 10:37:07 AM | MOTION/PETITION TO RECONSIDER ORDER DATED 1/10/2020 BY JOHN KLIESH | No | 12519785 |
| 11 | 1/30/2020 10:37:44 AM | CERTIFICATE OF SERVICE | No | 12519786 |
| 12 | 2/6/2020 9:55:05 AM | NOTICE OF APPEAL TO COMMONWEALTH COURT. 143 CD 2020. | No | 12526511 |
| 13 | 2/6/2020 10:17:15 AM | PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: RAYMOND MCHUGH | No | 12526865 |
| 14 | 2/20/2020 1:10:01 PM | ORDER ENTERED BY JUDGE MCHUGH ON FEB 14 2020. APPELLAN JOHN KLIESH IS TO FILE OF RECORD A CONCISE STATEMENT OF ERRORS COMPLAINED ON APPEAL WITHIN 21 DAYS. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/20/2020 PURSUANT TO PA. R. C. P. 236. | No | 12539240 |

## Transaction History

| Date | Receipt# | Type | Total | Note |
|---|---|---|---|---|
| 9/25/2019 | 2019-22-01351 | Transaction | $255.00 | |
| 10/30/2019 | 2019-99-18385 | Transaction | $20.25 | |
| 2/6/2020 | 2020-41-00242 | Transaction | $56.50 | |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 9 | 1/15/2020 11:56:31 AM | ORDER ENTERED BY JUDGE MCHUGH ON JAN 10 2020. OBJECTIONS ARE OVERRULED THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236. | No | 12505998 |
| 10 | 1/30/2020 10:37:07 AM | MOTION/PETITION TO RECONSIDER ORDER DATED 1/10/2020 BY JOHN KLIESH | No | 12519785 |
| 11 | 1/30/2020 10:37:44 AM | CERTIFICATE OF SERVICE | No | 12519786 |
| 12 | 2/6/2020 9:55:05 AM | NOTICE OF APPEAL TO COMMONWEALTH COURT. 143 CD 2020. | No | 12526511 |
| 13 | 2/6/2020 10:17:15 AM | PROOF OF SERVICE OF NOTICE OF APPEAL FILED. JUDGE: RAYMOND MCHUGH | No | 12526865 |
| 14 | 2/20/2020 1:10:01 PM | ORDER ENTERED BY JUDGE MCHUGH ON FEB 14 2020. APPELLAN JOHN KLIESH IS TO FILE OF RECORD A CONCISE STATMENT OF ERRORS COMPLAINED ON APPEAL WITHIN 21 DAYS. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/20/2020 PURSUANT TO PA. R. C. P. 236. | No | 12539240 |

## Transaction History

| Date | Receipt# | Type | Total | Note |
|------|----------|------|-------|------|
| 9/25/2019 | 2019-22-01351 | Transaction | $255.00 | |
| 10/30/2019 | 2019-99-18385 | Transaction | $20.25 | |
| 2/6/2020 | 2020-41-00242 | Transaction | $56.50 | |

# EXHIBIT

# 10

Trudvine
1.10.20

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION-LAW

IN RE:                                          :

CONDEMNATION OF LAND IN                         :        No. 2019-06703
MORRISVILLE BOROUGH, BUCKS                      :
COUNTY, PENNSYLVANIA                            :
LOCATED AT 22 DELAWARE AVENUE                   :

Tax Map Parcel No. 24-010-074 and               :

Owner: JOHN C. KLIESH                           :

---

### ORDER

AND NOW, this __10th__ day of January, 2020, upon consideration of the "Objection of

Owner John Kliesh to the Declaration of Taking" and Plaintiff's Response thereto, it is hereby

ORDERED and DECREED those Objections are OVERRULED.

Owner, John Kliesh, is directed to file an Answer to Plaintiff's Complaint within twenty

(20) days of service of this Order.

BY THE COURT:

RAYMOND F. MCHUGH, J.

N.B. It is your responsibility
to notify all interested parties
of the above action.

THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236.

656

# EXHIBIT

# 11

# MARTE AND TOADVINE

ATTORNEYS AT LAW
344 SOUTH BELLEVUE AVENUE
LANGHORNE, PENNSYLVANIA 19047

CHARLES O. MARTE, JR.
ALLEN W. TOADVINE
TRACY L. CASSEL-BROPHY *
tcassel-brophy@marteandtoadvine.com

Phone: 215-757-0344

FAX: 215-757-3048

*Also Admitted in New Jersey

January 24, 2020

Mr. John C. Kliesh
1 Ivy Lane
Yardley, PA  19067

Bucks County Tax Claim Bureau
55 East Court Street
Doylestown, PA  18901

Morrisville Borough
35 Union Street
Morrisville, PA  19067

Morrisville School District
550 West Palmer Street
Morrisville, PA  19067

Manufacturers and Traders Trust Company
c/o Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT  84115

Re:   **In Re:  Condemnation of Land in Morrisville Borough, Bucks County, Pennsylvania Located at 22 Delaware Avenue Tax Map Parcel No., 24-010-074 Docket No. 2019-06703**

Dear Sir/Madam:

Enclosed please find a true and correct copy of the Order entered by Judge McHugh on January 10, 2020, overruling the Objection of Owner John Kliesh to the Declaration of Taking with regard to the above-captioned matter.

Please be governed accordingly.

Very truly yours,

Tracy L. Cassel-Brophy

TLC-B:kz
enclosures
cc:   Redevelopment Authority of the County of Bucks (w/encl.)

# EXHIBIT

# 12

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL ACTION-LAW**

|                                                              |   |                        |
|--------------------------------------------------------------|---|------------------------|
| IN RE:                                                       | : | No. 2019-06703         |
|                                                              | : |                        |
| CONDEMNATION OF LAND IN                                      | : |                        |
| MORRISVILLE BOROUGH, BUCKS                                   | : |                        |
| COUNTY, PENNSYLVANIA                                         | : |                        |
| LOCATED AT 22 DELAWARE                                       | : |                        |
| AVENUE                                                       | : |                        |
|                                                              | : |                        |
| Tax Map Parcel No. 24-010-074                                | : |                        |
| OWNER: JOHN KLIESH                                           | : |                        |
|                                                              | : |                        |

Case #: 2019-06703-0012    12526511
Main (Public)
Code: 5302         Judge:38
Rcpt: 2020-41-00242  2/6/2020 8:53:05 AM

**OWNER, JOHN KLIESH'S NOTICE OF APPEAL TO THE COMMONWEALTH**
**COURT OF PENNSYLVANIA**

Notice is hereby given that OWNER, JOHN KLIESH above named, hereby appeals

To the Commonwealth Court of Pennsylvania from the Order entered in this matter

On the date of January 15th, 2020.


This Order has been entered in the docket as evidence by the attached copy of the

docket entry.


By: _John Kliesh_
John Kliesh
1 Ivy Lane
Yardley, Pa. 19067
(215) 431-9642
OWNER / PROSE

*Trahlere*
*1.10.20*

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

| | | |
|---|---|---|
| IN RE: | : | No. 2019-06703 |
| | : | |
| CONDEMNATION OF LAND IN | : | |
| MORRISVILLE BOROUGH, BUCKS | : | |
| COUNTY, PENNSYLVANIA | : | |
| LOCATED AT 22 DELAWARE AVENUE | : | |
| | : | |
| Tax Map Parcel No. 24-010-074 and | : | |
| | : | |
| Owner: JOHN C. KLIESH | : | |

Case #: 2019-06703-0009     12505998
Main [Public]
Code 144      Judge:38
Rcpt:Z2280420   1/15/2020 11:59:31 AM

## ORDER

*AND NOW*, this __10th__ day of January, 2020, upon consideration of the 'Objection of Owner John Kliesh to the Declaration of Taking' and Plaintiff's Response thereto, it is hereby **ORDERED** and **DECREED** those Objections are **OVERRULED**.

Owner, John Kliesh, is directed to file an Answer to Plaintiff's Complaint within twenty (20) days of service of this Order.

BY THE COURT:

_____
RAYMOND F. MCHUGH, J.

N.B. it is your responsibility
to notify all interested parties
of the above action.

THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236.

656

# MARTE AND TOADVINE

ATTORNEYS AT LAW
344 SOUTH BELLEVUE AVENUE
LANGHORNE, PENNSYLVANIA 19047

CHARLES O. MARTE, JR.
ALLEN W. TOADVINE
TRACY L. CASSEL-BROPHY *
tcassel-brophy@marteandtoadvine.com

Phone: 215-757-0344

FAX: 215-757-3048

*Also Admitted in New Jersey

January 24, 2020

Mr. John C. Kliesh
1 Ivy Lane
Yardley, PA  19067

Bucks County Tax Claim Bureau
55 East Court Street
Doylestown, PA  18901

Morrisville Borough
35 Union Street
Morrisville, PA  19067

Morrisville School District
550 West Palmer Street
Morrisville, PA  19067

Manufacturers and Traders Trust Company
c/o Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT  84115

**Re:**   **In Re:  Condemnation of Land in Morrisville Borough, Bucks County, Pennsylvania Located at 22 Delaware Avenue Tax Map Parcel No., 24-010-074 Docket No. 2019-06703**

Dear Sir/Madam:

Enclosed please find a true and correct copy of the Order entered by Judge McHugh on January 10, 2020, overruling the Objection of Owner John Kliesh to the Declaration of Taking with regard to the above-captioned matter.

Please be governed accordingly.

Very truly yours,

Tracy L. Cassel-Brophy

TLC-B/kz
enclosures
cc:   Redevelopment Authority of the County of Bucks (w/encl.)

Case #2019-06703

| | |
|---|---|
| Case Number | 2019-06703 |
| Matter Code | |
| Commencement Date | 9/25/2019 8:44:32 AM |
| Case Type | DECLARATION OF TAKING |
| PFA Number | |
| Caption Plaintiff | REDEVELOPMENT AUTHORITY OF BUCKS COUNTY |
| Caption Defendant | KLIESH, JOHN C |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | RAYMOND F. MCHUGH |
| Parcel Number | |
| Remarks | DECLARATION OF TAKING REAL PROPERTY EMINENT DOMAIN/CONDEMNATION |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| REDEVELOPMENT AUTHORITY OF BUCKS COUNTY | 216 POND STREET BRISTOL, PA 19007 UNITED STATES | Toadvine, Allen Walter | Yes | 1 | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| KLIESH, JOHN C | UNKNOWN , UNITED STATES | | Yes | 1 | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 9/25/2019 8:44:32 AM | | DECLARATION OF TAKING REAL PROPERTY EMINENT DOMAIN/CONDEMNATION | No | 12407744 |
| 1 | 9/25/2019 9:26:13 AM | | MEMORANDUM OF RECORDING FILED. DECLARATION OF TAKING FILED IN D.B.NO. 2019053369 P. | No | 12407829 |
| 2 | 9/25/2019 9:30:40 AM | | APPEARANCE OF ALLEN W TOADVINE ESQ., ENTERED FOR PLTF | No | 12407830 |
| 3 | 10/10/2019 12:35:57 PM | E | AFFIDAVIT OF POSTING OF DECLARATION OF TAKING | No | 12422578 |
| 4 | 10/16/2019 10:55:13 AM | | OBJECTIONS OF OWNER JOHN KLIESH TO THE DECLARATION OF TAKING | No | 12427272 |
| 5 | 10/16/2019 10:55:48 AM | | PROOF OF SERVICE | No | 12427273 |
| 6 | 10/29/2019 12:01:07 PM | E | MEMORANDUM OF LAW/BRIEF IN OPPOSITION TO OBJECTION OF OWNER JOHN C KLIESH TO THE DECLARATION OF TAKING BY CONDEMNOR REDEVELOPMENT AUTHORITY OF COUNTY OF BUCKS . WITH SERVICE ON 10/29/2019. | No | 12440734 |
| 7 | 10/30/2019 11:20:08 AM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B). BY CONDEMNOR REDEVELOPMENT AUTHORITY OF THE COUNTY OF BUCKS WITH SERVICE ON 10/29/2019. WITH SERVICE ON 10/29/2019. | No | 12441764 |
| 8 | 11/13/2019 7:36:31 AM | | FILE SENT TO JUDGE MCHUGH PURSUANT TO RULE 208.3(B) PRAECIPE. FILED 10/30/19 | No | 12453133 |

67b

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 9 | 1/15/2020 11:56:31 AM | ORDER ENTERED BY JUDGE MCHUGH ON JAN 10 2020. OBJECTIONS ARE OVERRULED THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/15/2020 PURSUANT TO PA. R. C. P. 236. | No | 12505998 |

## Transaction History

| Date | Receipt# | Type | Total | Note |
|------|----------|------|-------|------|
| 9/25/2019 | 2019-22-01351 | Transaction | $255.00 | |
| 10/30/2019 | 2019-99-18385 | Transaction | $20.25 | |

686

## REQUEST FOR TRANSCRIPTS

The Owner, John Kliesh Certifies that there is No transcripts available, since there

was No Hearing and Discovery was DENIED to OWNER, John Kliesh.

Which is reflected on the docket attached.


By: _____

**John Kliesh**
**1 Ivy Lane**
**Yardley, Pa. 19067**
**(215) 431-9642**
**OWNER / PROSE**

696

## NOTICE OF DOCKET ENTRY

The OWNER, John Kliesh certifies that the attached Order being appealed has been Entered on the docket ( attached) on the date of January 15th, 2020.

After the assigned Judge held the Order in his office for 5 days, prior to having it entered on the Docket. After which he sent the Order ONLY to the Council for the Plaintiff, REDEVELOPMENT AUTHORITY OF BUCKS COUNTY, MR. ALLEN W. TOADVINE. Who then held it in his Office for 10 days prior to sending it to the OWNER, JOHN KLIESH as shown by the attached letter.

By: _John Kliesh_
John Kliesh
1 Ivy Lane
Yardley, Pa. 19067
(215) 431-9642
OWNER /  PRO SE

70b

## PROOF OF SERVICE

The Owner, John Kliesh certifies that a true copy of this Notice of Appeal has been

sent to the Assigned Judge, Raymond F. Mc Hugh of the Bucks County Court of

Common Pleas, Pennsylvania. And to the Plaintiff's, Redevelopment Authority of

Bucks County's Council of Record, who are listed below.

Which has been sent out via First Class Certified Prepaid mail on the date of

February 6th, 2020.

Judge Raymond F. Mc Hugh                          Allen W. Toadvine
100 North Main Street                             Attorney I.D. # 30893
Doylestown, Pa. 18901                             344 South Bellevue Avenue
                                                  Langhorne, Pa. 19047
                                                  ( 215) 757-0344
                                                  ( Council for Plaintiff)


BY: _____
                John Kliesh
                1 Ivy Lane
                Yardley, Pa. 19067
                ( 215) 431- 9642
                ( OWNER / PRO SE)

7/b

# EXHIBIT

# 13

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CIVIL DIVISION

IN RE: CONDEMNATION OF LAND   :
IN MORRISVILLE BOROUGH, BUCKS :
COUNTY, OENNSYLVANIA LOCATED  :        NO. 2019- 06703
AT 22 DELAWARE AVENUE         :
                              :
TAX MAP PARCEL NO. 24-010-074 :
OWNER: JOHN KLIESH            :

**OWNER: JOHN KLIESH'S CONCISE STATEMENT PURSUANT TO PA. R.A.P.**
**Ss 1925 (b) AND OBJECTIONS.**

---

Now the OWNER, John Kliesh is hereby providing his Concise Statement which has

been  DEMANDED by Judge Mc Hugh.

Which the OWNER, John Kliesh has Objections due to LEGAL MISCONDUCT of

Judge Mc Hugh.

## A.  OBJECTION

Now first Judge Mc Hugh drafted an Order on February 14th, 2020, pursuant to Pa.

R.A.P. ss 1925 (b), demanding a Concise Statement Errors Complained of on Appeal,

(exhibit 1).

Now in the Order, Judge Mc Hugh stated that " John Kliesh" has 21 days to file his

Concise Statement from the date of the ORDER, with the following statement:

( NO LATER THAN TWENTY-ONE (21) DAYS FROM THE DATE OF THIS

ORDER)

Next in the top right hand corner of the ORDER , Judge Mc Hugh has claimed to

have sent " Kliesh" a copy of the ORDER on ( 2-14-20).

However as Judge Mc Hugh's own envelope shows, he put the Order through his

1.

POSTAGE MACHINE on ( February 19th,2020), then provided the Order to the

United States Postal Service on (2-20-2020). (EXHIBIT 2)

Which is the very same day the ORDER was listed on the Docket (2-20-2020).

Noting that "Kliesh" received the ORDER in the mail on the date of 2-22-2020.

WHEREBY, CONCEALING TO LEGAL EFFECTIVE DATE OF THE ORDER.

Because as the APPELLATE COURTS HAVE RULED, the effective date of any

Civil Order is the date in which the Clerk of Court files said Order on the Docket,

See Appellate Court Rule 108(1)(b):

> (1)(b)   Civil Orders
> The date of entry of an order in a matter subject to the
> Pennsylvania rules of Civil Procedure shall be the day
> On which the clerk makes the notation in the docket that
> Notice of entry of the order has been given as required by
> Pa. R. Civ. P. 236(b).

Now as raised prior dated his Order February 14th, 2020, whereby, giving "Kliesh"

until the date of  March 5th,2020, to file his "Concise Statement".

However, since Judge Mc Hugh held his Order in his Office until (2-20-2020), ( 6

days) . Whereby, Judge Mc Hugh is only permitting "Kliesh" ( 15 days), when under

Pa. R.A.P. ss 1925(b)(2)(I) the law REQUIRES Judge Mc Hugh to give "Kliesh"

twenty-one ( 21) days to file his Concise Statement.

Pa. R.A.P. ss 1925(b)(2)(I)

> ( THE JUDGE SHALL ALLOW THE APPELLANT AT LEAST
> 21 DAYS FROM THE DATE OF THE ORDER'S ENTRY ON THE
> DOCKET FOR THE FILING AND SERVICE OF THE
> STATEMENT.)

Therefore, Judge Mc Hugh has in fact Committed an act of FRAUD by violating

2.

Pa. R.A.P. ss 1925 (b), to obtain information on behalf of the Plaintiff's Council ( Toadvine). So that he can start developing a Defense for the pending APPEAL.

However, what Judge Mc Hugh does not understand is that he is providing EVIDENCE to " Kliesh" and a Federal Agency.

Additionally Judge Mc Hugh has now REQUIRED himself to file an OPINION on his actions in this case. With in 30 days from the date of ( February 14th, 2020) being ( March 14th, 2020), pursuant to Pa. R.A.P. 1925(a)(2)(ii).


B.   CONCISE STATEMENT OF ERRORS ON APPEAL

Now "Kliesh" is in fact developing his CONCISE STATEMENT OF ERRORS in accordance with Pa. R.A.P. ss 1925 (b)(4)(vi). Since Judge Mc Hugh has in fact REFUSED to file an OPINION on this case.

Now Pa.R.A.P. ss 1925 (b)(4)(vi) reads as follows:

> ( If the appellant in a civil case cannot readily discern the basis for the Judge's decision, the appellant shall preface the Statement with an Explanation as to why the Statement has identified the errors in only General terms. In such a case, the generality of the Statement will not be Grounds for finding waiver.)

Therefore, NONE of "Kliesh's" ERRORS being claimed on Appeal can be claimed as being Waived. Since once the Plaintiff's Council ( Toadvine) attempts to, he will be Exploiting UNLAWFULLY Acquired documents. Which where FRAUDULENTLY obtained by the Assigned Judge on his behalf.

Now it is ONLY " Kliesh's" Opinion that "a Smart Judge would have just Sign and file the Order he has attached to his " MOTION OF RECONCIDERATION".

74b

Which the Plaintiff " The Redevelopment Authority of Bucks County" and their

Council has NOT filed any Objection to.

Now "Kliesh's" Concise Statement of Errors are as Follows:

## 1. JUDGE Mc HUGH OF THE BUCKS COUNTY COURTS HAS USED EXSTREME BIAS AGAINST "KLIESH".

Judge Mc Hugh has in fact great acts of BIAS as shown by his acts of attempting to

OMIT "Kliesh", who is the legal Owner of the property in question from these

proceedings. Along with other Violations such as attempting to prevent " Kliesh"

from filing a " motion of Reconcideration" and " Appeal". And Violating his United

States Constitutional Rights. Whereby Violating his "OATH of OFFICE", which

"Kliesh" already has a Copy of.

## 2. THERE HAS BEEN MULTIBLE VIOLATIONS OF PENNSYLVANIA TITLE 42, PENNSYLVANIA EMINENT DOMAIN LAWS AND OTHER LAWS.

The Plaintiff's " Redevelopment Authority of Bucks County's" Council " Toadvine".

Has in fact Violated multiple laws under Pennsylvania Title 42, Eminent Domain

Laws and Other Laws. Which Judge Mc Hugh has in fact Permitted the Violations

and Ruled in favor of them.

## 3. UNLAWFUL EX PARTE CONTACT BETWEEN " TOADVINE" AND "JUDGE Mc HUGH".

Both Judge Mc Hugh and the Plaintiff's Council " Toadvine" have been

UNLAWFULLY EX PARTE CONTACT. Which they have both provided

EVIDENCE of, in an attempt to Fix the case against "Kliesh".

To Commit the Criminal Act of ( UNLAWFUL TRANSFER OF PROPERTY),

4.

Namely " Kliesh's" property in question located at 22 Delaware Avenue, Morrisville Pennsylvania.

## CONCLUSION

Therefore, once again Judge Mc Hugh has in fact provided more EVIDENCE to "Kliesh". Which he will be adding to his Appeal along with another Federal Agency. Now just as an Observation " Kliesh" discovered many years ago that both Judges and Lawyers have a Common Problem. Which is they are both ARROGANT in thinking that they are smarter then PRO SE Litigants.

Second this case was started thinking "Kliesh" was just another PRO SE Litigant, who did not know the law. However, " Kliesh" has a vast Knowledge of Law, Lawyers Rules of Ethics and Judicial Conduct Rules.

Third this case was filed with the intentions of Harassment and "Kliesh's" property. Which was a Mistake.

By: _____

John Kliesh
1 Ivy lane
Yardley, Pa. 19067
( 215) 431- 9642
OWNER / PRO SE

5.

## PROOF OF SERVICE

The Owner, Pro Se, John Kliesh certifies that a true copy of this document entitled ( Owner, John Kliesh's Concise Statement pursuant to Pa. R.A.P. as 1925(b) and Objections). Has been sent to both Judge Mc Hugh and the Plaintiff, Redevelopment Authority of Bucks County's Council of record listed below. Which was sent by way of First Class Certified Mail on the Date of February 28th, 2020.

Judge R. Mc Hugh                        Allen Toadvine
C/o Bucks County Justice Center         344 South Bellevue Avenue
100 North Main Street                   Langhorne, Pa. 19047
Doylestown, Pa. 18901                   ( Council for Plaintiff)

By: _____

John Kliesh
1 Ivy Lane
Yardley, Pa. 19067
( 215) 431-9642
( Owner / Pro Se)

# EXHIBIT
# 1

*Kliesh*
*Touchvine 1/6/09*
*2-14-20*

IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

IN RE: CONDEMNATION OF LAND IN          :
MORRISVILLE BOROUGH, BUCKS
COUNTY, PENNSYLVANIA LOCATED            :          NO. 2019-06703
AT 22 DELAWARE AVENUE
                                                           :
TAX MP PARCEL NO. 24-010-074
OWNER: JOHN KLIESH                            :

## ORDER

AND NOW, this 14th day of February, 2020, pursuant to Pa. R.A.P. §1925(b), Appellant,

JOHN KLIESH, is hereby **ORDERED** to file of record, and serve on the undersigned, a concise

statement of errors complained of on appeal no later than twenty-one (21) days from the date of

this Order.

BY THE COURT:

_____
Raymond F. McHugh, J.

NOTE: It is your responsibility
to serve all interested parties
in the above action.

*79h*

**Copies sent to:**

John Kliesh
1 Ivy Lane
Yardley, Pennsylvania 19067

Tracy L. Cassel-Brophy, Esquire
Allen W. Toadvine, Esquire
Via email: tracy@marteandtoadvine.com
Via email: toadvine@marteandtoadvine.com

# EXHIBIT

# 2

RAYMOND F. McHUGH
JUDGES CHAMBERS
DOYLESTOWN, PA
18901

USA ZIP 3
READING PA 1960S
02-20-2020

PRESORTED
FIRST CLASS

112        BOA-15B        19067

John Klesh
1 Ivy Lane
Yardley, Pennsylvania 19067



U S POSTAGE >> PITNEY BOWES

$ 000.55⁵
0000345932  FEB 20 2020

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the provisions of the public access policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non- confidential information and documents.

Submitted by: Owner Pro Se

Signature

Name:        John Kliesh

# EXHIBIT

# 14

*See attached*
*list*
*4.24.2*

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| IN RE: CONDEMNATION OF LAND | : | **CASE NO. 2019-06703** |
| IN MORRISVILLE BOROUGH, | : | **[143 CD 2020]** |
| BUCKS COUNTY, PENNSYLVANIA | : | |
| LOCATED AT 22 DELAWARE AVENUE | : | |
| | : | |
| TAX MAP PARCEL NO. 24-10-074 | : | |
| OWNER: JOHN KLIESH | : | |

Case #: 2019-06703-0017    12577913
Main (Public)
Code: 6214    Judge:38
Rcpt: T2322078  4/28/2020 8:13:58 AM

### OPINION

John Kliesh ("Appellant") appeals from an Order denying his preliminary objections to a Declaration of Taking filed by Redevelopment Authority of the County of Bucks ("Condemnor"). In response, we file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### I.    FACTS AND PROCEDURAL HISTORY

Condemnor was formed pursuant to the Pennsylvania Urban Redevelopment Law[1] and has been granted the power of eminent domain.[2]  On September 25, 2019, Condemnor filed a declaration of taking for 22 Delaware Avenue, Morrisville Borough, Pennsylvania a/k/a Tax Map Parcel Number 24-10-74 ("Subject Property").  The title owner of the Subject Property was John C. Kliesh ("Appellant"), who was properly served with notice of the filing of the Declaration of Taking on October 8, 2019.  On October 16, 2019, Appellant filed a document entitled "Objection of Owner John Kliesh to the Declaration of Taking."  We reviewed the record and entered an Order on January 10, 2020 overruling Appellant's objections.  Appellant filed a timely Notice of Appeal to the Commonwealth Court of Pennsylvania. Thereafter, we directed Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b).

---

[1] 35 P.S. § 1701.
[2] 35 P.S. § 1712.

1

## II.   STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

In response to this Court's Order, Appellant – proceeding *pro se* – filed five pages of statements which were anything but concise.  It is well-established that a Statement of Errors must be concise and coherent, and statements that are too vague are functionally equivalent to no statement at all. See Stat v. Kennett Twp. Zoning Hearing Bd., 220 A.3d 1207 (Pa. Cmwlth. 2019) ("a 1925(b) Statement must contain a sufficiently concise and coherent statement of issues to enable common pleas to identify the issues to be raised on appeal). Appellant's statements are nothing more than attacks against this Court.  Appellant attempts to support his position with vague claims that this Court committed "legal misconduct" and "an act of fraud" and that this Court "has used exstreme [sic] bias" against him.[3]  In making these claims, Appellant fails to identify with any specificity how this Court committed crimes or cite evidence or legal authority to support his position.  See Pa. R.A.P. 1925(b)(4)(iv) ("[t]he Statement should not be redundant or provide lengthy explanations as to any error").

We recognize Appellant is proceeding *pro se* in this appeal.  As is often stated by the courts of this Commonwealth, a *pro se* litigant obtains no special benefit as a result of his unrepresented status and "assume[s] the risk that his lack of expertise and legal training will prove his undoing," Vann v. Unemployment Compensation Board of Review, 494 A.2d 1081, 1086 (Pa. 1985). "However, while an unrepresented litigant may be at a disadvantage of legal expertise and training, a *pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel." Vance v. Commonwealth, 167 A.3d 310 n.6 (Pa. Cmwlth. 2017) (quotations omitted).  Moreover, courts should not tolerate legal maneuvers undertaken solely to delay an action brought against them, especially where the matters complained of in the appeal are

---

[3] *Concise Statement*, 02/28/2020 pp. 1, 2, 4.

unintelligible or frivolous.  See generally <u>Brown v. Levy</u>, 73 A.3d 514 (Pa. 2013); See also <u>Gay v. McFetridge</u>, 607 A.2d 738, 740 (Pa. 1992) (stating our court system "is busy enough that it cannot afford the added burden of litigating baseless, frivolous or repetitive claims").

Despite the difficulty in discerning Appellant's Statement, we were able to distill one apparent legal issue in Appellant's ramblings.  It states *verbatim*:

> 1.  There has been multible [sic] violations of Pennsylvania title 42, Pennsylvania eminent domain laws and other laws.

## III.   **DISCUSSION**

Pennsylvania's Eminent Domain laws are codified in 26 Pa. C.S. § 302, which provide that condemnation "shall be effected only by the filing in court of a declaration of taking with the security."[4]  Furthermore, a condemnor must give notice to a condemnee of the filing of the Declaration of Taking within thirty days after its filing.[5]  The condemnee must specify certain contents within the Declaration of Taking in order for the condemnation to be perfected:

> (1) The name and address of the condemnor.
> (2) A specific reference to the statute and section under which the condemnation is authorized.
> (3) A specific reference to the action, whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized, including the date when the action was taken and the place where the record may be examined.
> (4) A brief description of the purpose of the condemnation.
> (5) A description of the property condemned, sufficient for identification, specifying the municipal corporation and the county or counties where the property taken is located, a reference to the place of recording in the office of the recorder of deeds of plans showing the property condemned or a statement that plans showing the property condemned are on the same day being lodged for record or filed in the office of the recorder of deeds in the county in accordance with section 304 (relating to recording notice of condemnation).
> (6) A statement of the nature of the title acquired, if any.
> (7) A statement specifying where a plan showing the condemned property may be inspected in the county in which the property taken is located.
> (8) A statement of how just compensation has been made or secured.

---

[4] Eminent Domain Code, 26 Pa. C.S. § 302(a)
[5] Eminent Domain Code, 26 Pa. C.S. § 305.

3

*Eminent Domain Code*, 26 Pa. C.S. § 302(b).

After a review of the record, we find Condemnor has satisfied the requirements to effectuate a proper condemnation of the Subject Property.   Specifically, Condemnor filed a Declaration of Taking on September 25, 2019 and properly notified the title owner of the Subject Property on October 8, 2019.   Within the Declaration of Taking, Condemnor included the following information:

(1) Condemnor's name is Redevelopment Authority of the County of Bucks, whose principal office is located at 216 Pond Street, Bristol, Pennsylvania 19007.

(2) The power of eminent domain is granted to Condemnor by the Pennsylvania Urban Development Law under 35 P.S. § 1701.

(3) The Declaration of Taking was authorized by Resolution #28-2019 of the Redevelopment Authority of the County of Bucks, adopted and enacted at a regularly scheduled meeting on September 20, 2019.  The record of the action is located and may be examined in Redevelopment Authority of the County of Bucks' principal office.

(4) The purpose of the condemnation is to acquire, hold, manage, clear, improve, develop, redevelop, and/or dispose of the Subject Property, and all improvements and personal property located thereon, together with the private rights to any streets located thereon, to eliminate the blighted conditions which exist on the Subject Property in furtherance of the powers granted to Condemnor pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment Law.

(5) The property being condemned is 22 Delaware Avenue, Morrisville Borough, Pennsylvania with Tax Map Parcel Number 24-10-74. The Office of the Recorder of Deeds of Bucks County, Pennsylvania property description is also included in the Declaration of Taking.

(6) The title acquired is fee simple and absolute.

(7) A plan showing the condemned property may be inspected at the Condemnor's principal office.

(8) Just compensation for the property condemned has been secured by the Condemnor's Bond, without surety, pursuant to the Eminent Domain Code, 26 Pa. C.S. § 303. The Bond having been filed and was attached to the Declaration of Taking.

Accordingly, Condemnor has satisfied the legal requirements needed to properly condemn the subject property.   Thus, Appellant's argument regarding violations of the Pennsylvania Eminent Domain Code are without merit.  To the extent Appellant argues there are violations of Title 42 of the Pennsylvania Consolidated Statutes, without a more specific statement, we are unable to address Appellant's claim as there are nearly one hundred (100) Chapters in Title 42.

"[A] concise statement that is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no statement at all." Caln Nether Company, L.P. v. Board of Supervisors of Thornbury Township, 840 A.2d 484, 490 (Pa. Cmwlth. 2004). Vague statements of errors complained of on appeal are waived because, "[w]hen a trial court has to 'guess' what issues an appellant is appealing," it prevents meaningful review. Id.   Appellant presents no other issues for our review.

IV.     **CONCLUSION**

For the aforementioned reasons, we find no merit to Appellant's allegations in his Concise Statement, and therefore we respectfully submit that the appeal be **DENIED** and **DISMISSED**.

BY THE COURT:

Raymond F. McHugh, J.

Date:  April 24, 2020

N.B. It is your responsibility
to notify all interested parties
of the above action.

5

**Copies to:**

John Kliesh
1 Ivy Lane
Yardley, PA 19067
*Appellant*


Allen W. Toadvine, Esquire
Via email: toadvine@marteandtoadvine.com
*Counsel for Condemnor,*
  *Redevelopment Authority of the County of Bucks*


Commonwealth Court of Pennsylvania
Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 2100
PO Box 69185
Harrisburg, PA 17106

6

 **UNITED STATES POSTAL SERVICE** ®   |   **PRIORITY** ® **MAIL**

PRIORITY MAIL
POSTAGE REQUIRED



- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a custom...

*Insurance does not cover certain items. For de... Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.us...

**MAILING ENVEL**
FOR DOMESTIC AND INTERNA

RECEIVED
FEB 27 2024

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ▪ INSURED**


PS00000133100

EP14 July 2022
OD: 15 x 11.625

---

UNITED STATES POSTAL SERVICE   Retail

P   US POSTAGE PAID   **$10.80**   Origin: 19067
02/26/24
4156080067-89

PRIORITY MAIL®

2 Lb 5.00 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 02/28/24

C019

SHIP TO: 601 MARKET ST
PHILADELPHIA PA 19106-1729



USPS TRACKING® #



9505 5159 1382 4057 8491 63



---

FROM:

**PRIORITY** ® **MAIL** ★   UNITED STATES POSTAL SERVICE ®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
John Kliesh
1 Ivy Lane
Yardley, PA. 19067

TO:
Clerks Office
United States District
Court
James A. Byrne
U.S. Courthouse
601 Market Street
Philadelphia, PA. 19106

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

**VISIT US AT USPS.COM** ®
ORDER FREE SUPPLIES ONLINE

DuPont™ Tyvek®
Protect What's Inside.™

PRESS FIRMLY TO SEAL